Roger N. SOBANIA, Respondent,

v.

**INTEGRITY MUTUAL INSURANCE COMPANY, Appellant,**

and

**Grinnell Mutual Reinsurance Company, Appellant.**

No. CX–83–1977.

Court of Appeals of Minnesota.

June 12, 1984.

---

**1.** However, an administrative review by the Commissioner of Public Safety is available un-

der Minn.Stat. § 169.123(5b) (1982).

Dale E. Mossey, Mossey & Dolentz, St. Cloud, for respondent.

Robert W. Holmen, Holmen & Seifert, St. Cloud, for Integrity Mutual Insurance Company.

V. Owen Nelson, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for Grinnell Mutual Reinsurance Company.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a summary judgment requiring Grinnell to provide underinsured motorist coverage to Sobania. We affirm.

## FACTS

The facts are not in dispute. On July 18, 1982, Sobania was badly injured when an automobile collided with his motorcycle. Sobania recovered the $25,000 liability limits from the driver's insurer. This did not, however, cover his damages. The insurance policy for Sobania's motorcycle did not provide underinsured motorist coverage.

Sobania sought underinsured motorist benefits from Grinnell, insurer of his 1982 Ford Mustang. The Grinnell policy, written up in 1982, contained the following exclusionary clause:

> This coverage [underinsured motorist] does not apply to bodily injury sustained by any person:
> 1. While occupying a motor vehicle owned by you or a relative for which insurance is not afforded under this endorsement.

Both parties agree that the exclusion, if enforceable, would preclude coverage.

Integrity Mutual Insurance Co. originally participated in this appeal, but has since settled with Sobania and has been dismissed.

## ISSUE

May an underinsured motorist carrier exclude stacking of benefits?

## ANALYSIS

The Minnesota Supreme Court faced this same issue in a case where the facts arose before the statute mandating an offer of underinsured motorist coverage was repealed. *American Motorist Ins. Co. v. Sarvela*, 327 N.W.2d 77 (Minn.1982). Vicki Sarvela was injured severely in a motorcycle accident on June 9, 1978. She collected motorcycle underinsured coverage and then sought to recover underinsured benefits under a policy written for her automobile. The trial court ruled that an exclusion in her automobile policy, similar to Grinnell's,

was valid. The Supreme Court reversed. It reasoned that:

> [F]irst party coverages for which an insured pays a premium follow the person, not the vehicle. Policy exclusions which attempt to prevent the coverage from following the person are inconsistent with the purposes of the Minnesota No-Fault Act.

*Id.* at 79. Thus, the cyclist was entitled to underinsured motorist benefits under her automobile policy. The insurer in *Sarvela* contended that policy exclusions, though invalid under mandatory coverage, are valid when coverage is optional. The Supreme Court rejected this distinction as "an incorrect characterization of the law." *Id.* The Court adopted the reasoning of *Holman v. All National Insurance Co.*, 288 N.W.2d 244 (Minn.1980):

> It is true that underinsured motorist coverage is not required to be included in the policy, as uninsured motorist coverage is. However, once the supplemental coverages have been offered and accepted, the insurer may not, under Minnesota law, refuse to "write them up" and provide them to its insured.

*Sarvela*, 327 N.W.2d at 79 (quoting *Holman*, 288 N.W.2d at 251). In other words, underinsured motorist coverage does not depend on whether the coverage is optional or compulsory. Insurance clauses excluding such coverage from following the person are invalid once the insurer accepts such coverage.

Since the accident in *Sarvela*, that section of the No-Fault Act requiring an offer of underinsured motorist coverage was repealed. Minn.Stat. § 65B.49(6) (1978) (repealed 1980). The statute no longer mandates an offer of underinsured coverage. Consequently, Grinnell claims *Sarvela* no longer applies and it is free, under general insurance law, to contract with its insureds. *See American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn.1983). Grinnell fails, however, to take into account the legislative intent of the 1980 amendment, the general concept of first party

insurance, and the on-going public policy in favor of stacking.

 As this court has recently noted, the repeal of the mandatory offer of underinsured motorist coverage provision:

> appears to have been in response to the perceived problems of a mandatory offer provision, involving burdens of proof and standards to be applied in determining whether an offer has been made to an insured. The offer of underinsured benefits was made optional, rather than mandatory, to relieve those problems. *It has not changed the nature of the coverage.*

*Hoeschen v. South Carolina Ins. Co.*, 349 N.W.2d 833 at 838 (Minn.Ct.App. 1984) (emphasis added). By repeal of the mandatory offer statute, the legislature did not intend to constrict the nature of the coverage itself, eliminate stacking, or permit exclusions to stacking.

Underinsured motorist coverage is a first party insurance scheme. Injured motorists look to their own insurer for benefits. Such benefits cover the person, not the vehicle. *Wasche v. Milbank Mut. Ins. Co.*, 268 N.W.2d 913 (Minn.1978); Comment, *Stacking of Basic Economic Loss Benefits Under the Minnesota No-Fault Automobile Insurance Act*, 5 Wm. Mitchell L.Rev. 421 (1979). To preclude stacking is to make the benefits follow the vehicle, not the person. The insurance company has unilaterally attempted to change the nature of underinsured benefits.

Underinsured motorist coverage is the result of legislative concern that accident victims be adequately compensated. *Burgraff v. Aetna Life & Cas. Co.*, 346 N.W.2d 627 (Minn.1984). The place to start providing adequate compensation is allowing injured parties to collect benefits on all policies they have paid for. Stacking is, therefore, nothing more than giving the injured party the protection he has paid for.

Therefore, even though insurance companies no longer have to offer underinsured coverage when writing automobile insurance once the insured elects this coverage,

policy language cannot preclude stacking of its benefits.

## DECISION

Grinnell's attempted exclusion of stacking benefits is void. Sobania was entitled to recover underinsured benefits under the policy.

Affirmed.