**Roger SIBBERT, et al., Respondents,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C7-84-571.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Diane C. Hanson, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, for respondents.

Thomas E. Peterson, Kay Nord Hunt, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for appellant.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Sibbert was injured in a two-car accident while driving his Camaro. He also owns a Duster. He maintained a separate underinsurance policy on each car with State Farm. He recovered the other driver's $25,000 liability limits. Although State Farm did pay the no-fault and underinsurance benefits on the Camaro, it refuses to pay the underinsurance coverage on the Duster, pursuant to an exclusionary clause in the policy barring claims for accidents in vehicles owned by the insured, but covered under separate policies. State Farm appeals the trial court's ruling that this "anti-stacking" provision was void.

In *Sobania v. Integrity Mut. Ins. Co.*, 349 N.W.2d 345 (Minn.Ct.App.1984), this court ruled that a policy clause which prevented stacking of underinsured motorist

coverage benefits was void. There the plaintiff did not have underinsured motorist coverage on the motorcycle he was riding at the time of the accident, but did have that coverage on a car that he owned. We allowed coverage.

We are unable to make a factual distinction between this case and *Sobania,* and conclude that *Sobania* controls. The exclusionary clause in State Farm's policy is unenforceable.

### DECISION

Affirmed.