Robert HOLZEMER, et al.,
Respondents,

v.

MILLERS' MUTUAL INSURANCE
COMPANY OF ILLINOIS,
Appellant.

No. C9-84-815.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Richard A. LaVerdiere, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Hastings, for respondents.

John E. Vukelich, Dudley & Smith, St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and SEDG-WICK, JJ.

## OPINION

PARKER, Judge.

This case involves interpretation of the No-Fault Act. Respondent Robert Holzemer was struck by an automobile and injured while working as a flagman. His insurance company, Millers' Mutual Insurance Company of Illinois (Millers'), denied his claim for underinsured motorist benefits. In a declaratory judgment action the trial

court found Holzemer was entitled to receive underinsured motorist benefits from the policy covering his trailer even though it was not connected to or being towed by a motor vehicle at the time he was injured. We affirm.

## FACTS

Respondent Robert Holzemer purchased insurance coverage for an automobile, a pickup truck, and a 23-foot Monitor trailer from an agent for appellant Millers'. Subsequently, he was seriously injured when struck by a motor vehicle while working as a flagman on a construction site. The insurer of the driver's vehicle paid Holzemer up to its policy limits for his injuries. Holzemer subsequently pursued a claim against his own automobile insurance carrier for underinsured motorist benefits. Millers' refused Holzemer's claim, alleging that he had never accepted their offer of underinsured motorist coverage. In addition, Millers' contended that even if Holzemer had underinsured motorist coverage on his vehicles, the coverage on the trailer was not applicable, since the trailer was not connected to a motor vehicle at the time of the accident.

Holzemer brought a declaratory judgment action in which the court found he had accepted Millers' offer of underinsured motorist coverage and that he could recover under this coverage for his trailer in addition to his other two vehicles.

Millers' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied, and it appeals. On appeal Millers' conceded the issue of Holzemer's acceptance of underinsured motorist coverage.

## ISSUE

Is Holzemer entitled to receive underinsured motorist benefits from the insurance policy covering his trailer even though it was not connected to or being towed by a motor vehicle at the time of the accident?

## DISCUSSION

Minn.Stat. § 65B.48, subd. 1 (1982), requires every person who owns a motor vehicle of a type which is required to be registered or licensed or is principally garaged in this state to maintain, during the period in which operation or use is contemplated, a plan of reparation security for each motor vehicle owned. *See generally Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913, 916 (Minn.1978).

Minn.Stat. 65B.43, subd. 2, defines motor vehicle as:

[E]very vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) *is required to be registered pursuant to chapter 168,* * * * *or* (c) is a trailer, when connected to or being towed by a motor vehicle.

(Emphasis added).

Minn.Stat. § 168.011, subd. 4 (1982), defines "motor vehicle" as:

[A]ny self-propelled vehicle not operated exclusively upon railroad tracks *and any vehicle propelled or drawn by a self-propelled vehicle * * *.*

(Emphasis added).

Holzemer was also required to register his trailer pursuant to Minn.Stat. § 168.09, subd. 1 (1982). Thus, he was required to purchase reparation security for it, which he did from Millers'.

Minn.Stat. § 65B.46, subd. 1, provides:

If the accident causing injury occurs in this state, every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic economic loss benefits.

Since he was struck by an automobile, Holzemer's injuries arose out of the use of a motor vehicle. Thus, he was entitled to coverage under the No-Fault Act. The issue in this case arose because Holzemer's damages exceeded the policy limits of the driver's vehicle, and Holzemer was forced to seek additional compensation from his own underinsured motorist policy.

Millers' does not dispute Holzemer's entitlement to the underinsured motorist coverage purchased for the automobile and

truck. It argues, however, that the coverage for Holzemer's trailer is not available because the trailer was not then connected to or being towed by a motor vehicle. Millers' contends the trailer must have been a "motor vehicle" as defined by Minn.Stat. § 65B.43, subd. 2(c), that is, "connected to or being towed by a motor vehicle," at the time of the accident.

■ This is not a correct application of the statute. It is true that if an accident *involving* Holzemer's trailer occurred when the trailer was not connected to or being towed by a motor vehicle, the trailer could not provide the basis for liability or third-party coverage, since the injury would not have arisen out of the maintenance or use of a "motor vehicle" as defined in Minn.Stat. § 65B.43, subd. 2(c). However, whether or not the trailer was connected to or being towed by a motor vehicle at the time of the accident is irrelevant to the issue of Holzemer's entitlement to underinsured motorist benefits.

■ Underinsured motorist coverage is first-party insurance; an injured motorist may look to his own insurer for benefits on an uninvolved vehicle. *See Sobania v. Integrity Mutual Insurance Co.*, 349 N.W.2d 345, 347 (Minn.Ct.App.1984), *pet. for rev. pending. Accord Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 251 (Minn. 1980). As first-party coverage, underinsured motorist benefits follow the person, not the vehicle. *Sobania*, 349 N.W.2d at 347 (citing *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d at 918). Millers' theory would make the benefits follow the vehicle, not the person.

■ Holzemer was required to maintain a plan of reparation security for his trailer, for which he paid a premium. In this case, the premium included underinsured motorist benefits. One of the reasons for allowing the injured party to stack his underinsured motorist benefits is that he paid premiums for this insurance coverage, and to deny coverage would be to give the insurance company a windfall. As stated by this court in *Sobania:*

Underinsured motorist coverage is the result of legislative concern that accident victims be adequately compensated. The place to start providing adequate compensation is allowing injured parties to collect benefits on all policies they have paid for.

*Id.* (citation omitted).

■ Holzemer paid premiums every six months for the coverage on the trailer. The premiums did not abate whenever he unhitched his trailer. Allowing Holzemer the underinsured coverage on his trailer is nothing more than giving him the protection he has paid for.

### DECISION

Holzemer is entitled to collect underinsured motorist benefits under the policy covering his trailer regardless of whether it was connected to or being towed by a motor vehicle at the time of his accident, since underinsured motorist coverage is first-party insurance which follows the person, not the vehicle.

Affirmed.