760 P.2d 594

Larry P. HIGGINS, Plaintiff/Appellant,

v.

FIREMAN'S FUND INSURANCE COMPANY, an insurance company incorporated in the State of California, Defendant/Appellee.

No. 2 CA–CV 87–0289.

Court of Appeals of Arizona, Division 2, Department B.

March 31, 1988.

Review Granted Sept. 20, 1988.

William B. Revis, Ltd. by William B. Revis, Phoenix, for plaintiff/appellant.

Holloway & Thomas, P.C. by Benjamin C. Thomas and Thomas P. Burke, II, Phoenix, for defendant/appellee.

## OPINION

ROLL, Judge.

Plaintiff/appellant Larry P. Higgins (Higgins) appeals from a declaratory judgment entered in favor of defendant/appellee Fireman's Fund Insurance Company (Fireman's Fund), which resulted in the denial of underinsured motorist coverage benefits to Higgins pursuant to an "other vehicle" exclusion in the Fireman's Fund policy. For the reasons set forth below, we vacate the order of the trial court and remand for further proceedings.

## FACTS

On June 26, 1984, Larry Higgins was involved in a traffic accident in Phoenix while operating a motorcycle. The accident occurred when Margaret Belasco pulled out of a private drive into the path of Higgins' motorcycle. Belasco was insured by Farmers Insurance Company. Farmers settled with Higgins for the policy limit of $15,000.

Higgins had a motorcycle insurance policy issued by Jefferson Insurance Company of New York. However, Higgins had declined to purchase underinsured motorist coverage.

When the accident occurred, Higgins resided with his parents, Richard and Ann Higgins. His parents were insured by Fireman's Fund and Larry Higgins was covered as a member of the household. The Fireman's Fund policy provided for $300,000 underinsured motorist coverage and listed a 1981 Chevrolet Citation and a 1982 Honda Civic as covered vehicles. However, the underinsured motorist's endorsement provided in part:

EXCLUSIONS

A. We do not provide Underinsured Motorists' Coverage for bodily injuries sustained by any person:

  1. While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle. [Emphasis supplied.]

Higgins and Fireman's Fund agree that Higgins' damages exceed the $15,000 paid to Higgins by Farmer's under Belasco's policy.

## PROCEDURAL HISTORY

Higgins filed a complaint against Fireman's Fund alleging breach of contract and the tort of bad faith. Fireman's Fund filed a counterclaim for declaratory relief. The trial court entered declaratory judgment in favor of Fireman's Fund.

## ISSUE ON APPEAL

On appeal, Higgins argues that he is entitled to underinsured motorist benefits under his parents' insurance coverage by Fireman's Fund. Higgins maintains that, because Fireman's Fund's "other vehicle" exclusion in its underinsured motorist endorsement is void as against public policy under A.R.S. § 20–259.01, the trial court erroneously granted declaratory judgment in favor of Fireman's Fund.

## FIREMAN'S UNDERINSURED MOTORIST "OTHER VEHICLE" EXCLUSION VIOLATES PUBLIC POLICY

The trial court concluded that declaratory judgment was appropriate under *Mason v. State Farm Mutual Automobile Ins. Co.*, 148 Ariz. 271, 714 P.2d 441 (1985). In *Mason*, Division One of this court held that an "owned but uninsured" vehicle exclusion contained in the underinsured motorist provision of a policy listing his 1979 Chevrolet van precluded Mason from receiving underinsured motorist benefits for injuries sustained while operating his motorcycle. At the time Mason was injured, the motorcycle was listed in a policy issued by Puritan Insurance Company. In at least one important respect, *Mason* is distinguishable from the matter before us because Mason did collect underinsured motorist benefits,

albeit from Puritan and not from State Farm. *Id.*, 148 Ariz. at 274–75, 714 P.2d at 474–75.

Although Division One decisions are not binding on this court, "[a]bsent a decision by the Arizona Supreme Court compelling a contrary result, a decision by one division of the Court of Appeals is persuasive with the other division." *Scappaticci v. Southwest Savings and Loan Association,* 135 Ariz. 456, 461, 662 P.2d 131, 136 (1983). We believe that *Spain v. Valley Forge Ins. Co.,* 152 Ariz. 189, 731 P.2d 84 (1986) and *Calvert v. Farmers Insurance Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684 (1985), compel a result contrary to *Mason.*

*Calvert* involved an "other vehicle" exclusion to uninsured motorist coverage. The supreme court held that such an exclusion, although agreed to by the parties to the contract, violated public policy. The reasons which compelled that conclusion are equally applicable to "other vehicle" exclusions to underinsured motorist coverage. In *Calvert,* Chief Justice Gordon wrote:

> [B]ecause of the strong public policy mandating coverage for innocent victims from tragic negligent acts of uninsureds, we will not construe the uninsured motorist statute to reduce coverage when it is silent on "other vehicle" exclusions.

*Id.,* 144 Ariz. at 294, 697 P.2d at 687. At the time *Calvert* was decided, 26 states had held that "other vehicle" exclusions to uninsured motorist policies violated public policy. Significantly, our legislature also chose not to provide for "other vehicle" exclusions to underinsured motorist coverage. Pursuant to A.R.S. § 20–259.01, uninsured motorist coverage is mandatory, while underinsured motorist coverage is optional. In all other respects, the legislature's treatment of these respective provisions is identical.

Fireman's Fund argues that the underinsured motorist coverage obtained by Higgins' parents was restricted to the two vehicles listed in the policy. In *Calvert,* the supreme court stated that uninsured motorist coverage protects people, not vehicles:

Furthermore, our Uninsured Motorist Act was created "for the protection of persons," and not for the protection of the insured vehicle. A.R.S. § 20–259.01. *See Harvey v. Traveler's Indem. Co.* [188 Conn. 245, 449 A.2d 157 (1982)]; *Bradley v. Mid–Century Ins. Co.,* [409 Mich. 1, 294 N.W.2d 141 (1980)]; *Otto v. Farmers Ins. Co.,* [558 S.W.2d 713 (Mo. App.1977)].

\* \* \* \* \* \*

There is nothing in our uninsured motorist statute which limits coverage depending on the location or status of the insured. Thus, our uninsured motorist protection is portable. The insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, when on a bicycle or when sitting on a porch.

144 Ariz. at 296, 697 P.2d at 689 (footnote omitted). Certainly the same reasoning applies equally to underinsured motorist coverage.

Fireman's Fund argues that Higgins' parents are placed in the enviable position of having purchased one liability policy on only two owned vehicles yet recovering underinsured motorist benefits in connection with a third motor vehicle. In *Calvert,* in the context of uninsured motorist coverage, the supreme court stated that "the same argument has been made in other cases and rejected." *Id.*

In *Spain v. Valley Forge Ins. Co., supra,* a deceased passenger's estate was permitted to recover damages under both the driver's liability coverage and uninsured motorist coverage. The liability coverage was $100,000 and the uninsured motorist coverage was $100,000. However, the policy purported to allow an offset between liability coverage and uninsured motorist coverage and thus place a $100,000 limit on recovery. The supreme court stated that A.R.S. § 20–259.01 is remedial and should be liberally construed to carry out the intent of the legislature. 152 Ariz. at 192, 731 P.2d at 87. In ruling that the limitation on uninsured motorist coverage was against public policy, the supreme

court noted that: "[t]he Arizona legislature has continually strengthened the protection available to those injured by the negligence of a driver with no insurance or insufficient insurance." *Id.*

In *Geyer v. Reserve Insurance Company*, 8 Ariz.App. 464, 447 P.2d 556 (1968), this court considered whether a passenger injured in an accident with an uninsured motorist was entitled to recover under both liability coverage and the uninsured motorist coverage of the driver. At that time, like underinsured motorist coverage now, uninsured motorist coverage was optional. This court held that the passenger was entitled to recover under both provisions even though this resulted in recovery beyond the maximum liability provided for in the policy, stating:

> Our Supreme Court has made it clear in its *Sandoval* [*v. Chenoweth*, 102 Ariz. 241, 428 P.2d 98 (1967)], *Carpenter* [*v. Superior Court*, 101 Ariz. 565, 422 P.2d 129 (1966)], and *Jenkins* [*v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963)] decisions, supra, that it regards the claims of automobile accident victims to funds created by insurance as interests of the highest protectible order.

8 Ariz.App. at 467, 447 P.2d at 559.

*Cole v. State Farm Mut. Auto Ins. Co.*, 145 Ariz. 578, 703 P.2d 522 (App.1985), is distinguishable. In *Cole*, Julie Cole was injured as a passenger in a two-vehicle collision. The operator of the other vehicle was insured by Allstate. The driver of the vehicle in which Cole was riding was insured by Farmers. Cole received the policy limits of $15,000 liability insurance and $15,000 underinsured motorist's benefits from Farmers in addition to $50,000 from Allstate. She then unsuccessfully attempted to recover underinsured motorist coverage from her own insurance carrier, State Farm. State Farm refused coverage based on an "other insurance" clause contained in her policy which provided for underinsured motorist coverage as excess to any primary

underinsured motorist coverage and then only in the amount by which it exceeded the primary underinsured motorist coverage. 145 Ariz. at 579, 703 P.2d at 523. This court held that the public policy underlying underinsured motorist coverage had been satisfied by Farmer's underinsured motorist pay-out.[1]

Because we believe that both uninsured and underinsured motorist coverage extend to people and not merely to vehicles, we decline to follow *Mason*. The "other vehicle" exclusion contained in the underinsured motorist's coverage of the Fireman's Fund policy issued to Higgins' parents is void because it violates public policy.

We vacate the order of the trial court granting declaratory judgment in favor of Fireman's Fund and remand this matter for further proceedings consistent with this opinion.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

---

1. *Duran v. Hartford Insurance Company*, 157 Ariz. 125, 755 P.2d 430 (App.1988) and *Preferred Risk Mut. Ins. Co. v. Tank*, 146 Ariz. 33, 703 P.2d 580 (App.1985), involved attempts by passengers to "stack" underinsured motorist coverage on top of liability benefits.