770 P.2d 324

**Larry P. HIGGINS, Plaintiff/Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant/Appellee.**

No. CV-88-0233-PR.

Supreme Court of Arizona, In Banc.

Feb. 9, 1989.

Reconsideration Denied April 11, 1989.

William B. Revis, Ltd. by William B. Revis, Phoenix, for plaintiff/appellant.

Holloway & Thomas, P.C. by Benjamin C. Thomas and Thomas P. Burke, II, Phoenix, for defendant/appellee.

CAMERON, Justice.

## I. JURISDICTION

This is a petition for review of a court of appeals' decision reversing a trial court's declaratory judgment in favor of the defendant, Fireman's Fund Insurance Company. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and Ariz.R.Civ.App.P. 23, 17B A.R.S.

## II. QUESTIONS PRESENTED

We must answer one question: Is an "other vehicle" exclusion in an automobile insurance policy void as to underinsured motorist coverage?

## III. FACTS

Plaintiff, Larry P. Higgins, lived with his parents who insured their automobiles with Fireman's Fund Insurance Company (Fireman's). According to the policy, Higgins, as a member of the household, was also an insured. The policy provided for $300,000 of underinsured motorist coverage and listed a 1981 Chevrolet Citation and a 1982 Honda Civic as covered vehicles. At the same time, Higgins owned a motorcycle which was insured by Jefferson Insurance Company of New York for liability but not for underinsured motorist coverage. Although offered, Higgins specifically rejected this coverage.

On 26 June 1984, a driver negligently pulled out of her driveway into the path of Higgins' motorcycle. The negligent driver had $15,000 liability coverage which Higgins recovered. Higgins then sought underinsured motorist coverage from Fireman's Fund. Fireman's Fund refused to pay, relying upon the following exclusion in the policy:

A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:

(1) while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy.

(Emphasis omitted.)

The trial court granted Fireman's motion for declaratory judgment. Higgins appeal-

ed and the court of appeals reversed. *Higgins v. Fireman's Fund Ins. Co.*, 157 Ariz. 594, 760 P.2d 594 (App.1988). We granted Fireman's petition for review because of a conflict between the two divisions of our court of appeals.

## IV. DISCUSSION

Prior to 1982, underinsured as well as uninsured insurance was mandatory by statute. In 1982, the statute was amended to exclude mandatory underinsured motorist coverage. The present statute, A.R.S. § 20–259.01(C), requires that the insurer offer underinsured coverage that "extends to and covers all persons insured under the policy...." The statute also states that "[u]ninsured and underinsured motorist coverages are separate and distinct and apply to different accident situations." A.R.S. § 20–259.01(F).

The trial court relied on *Mason v. State Farm Mut. Auto. Ins. Co.*, 148 Ariz. 271, 714 P.2d 441 (App.1985). Mason owned a motorcycle which was insured by Puritan Insurance Company. Mason also owned a van which was insured by State Farm Mutual Insurance Company. After an accident while on his motorcycle, Mason collected on the offending driver's liability policy and from Puritan Insurance Company on his underinsured clause. State Farm, the insurer of the van, refused to pay under its underinsured clause. Division One of the court of appeals held that the "owned but uninsured" provision of the policy on the van precluded Mason from receiving underinsured motorist benefits for injuries sustained while operating his motorcycle because the motorcycle was covered by a policy issued by another insurance company. Division One held that the exclusion was valid and ruled in favor of State Farm.

In the instant case, Division Two of the court of appeals believed that *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 697 P.2d 684 (1985) and *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 189, 731 P.2d 84 (1986) compelled a result contrary to *Mason* and de-

clined to follow Division One's holding in *Mason.*

*Calvert* involved an "other vehicle" exclusion contained in an uninsured motorist coverage clause. We held that such an exclusion, though agreed to by the contracting parties, violated public policy. We noted:

> [B]ecause of the strong public policy mandating coverage for innocent victims from tragic negligent acts of uninsureds, we will not construe the uninsured motorist statute to reduce coverage when it is silent on "other vehicle" exclusions.

*Calvert*, 144 Ariz. at 294, 697 P.2d at 687.

In *Spain*, a passenger was killed in a two-vehicle accident. The host vehicle was covered by both uninsured and underinsured insurance. The driver of the "other car" was uninsured. The host insurance company paid the estate $100,000 on the liability provision, but refused to pay an additional $100,000 on the uninsured clause because the policy had an offset provision obligating the insurance company to pay only a total of $100,000 per accident. The court of appeals held that an injured passenger could recover under both the liability and the uninsured motorist coverage provided by the host driver's policy if damages exceeded the limit of one coverage. They limited, however, the amount of uninsured coverage award to $15,000. *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 185, 188, 731 P.2d 80, 83 (App.1985), *vacated*, 152 Ariz. 189, 731 P.2d 84 (1986).

We granted review of the court of appeals' opinion and voided the offset provision, stating:

> The amendment to A.R.S. § 20–259.01(B) in 1981 manifests a clear legislative intent that each insured who purchased UM [uninsured motorist] coverage in the amount of liability coverage would have available the total of the two coverages in cases in which the injury was caused by two negligent drivers. Any attempt, by contract or otherwise, to reduce any part of this amount violates the statute.

*Spain*, 152 Ariz. at 194, 731 P.2d at 89.

Admittedly, *Calvert* and *Spain* involve uninsured as opposed to underinsured motorist coverage. Also, under A.R.S. § 20–259.01(A), uninsured motorist coverage is mandatory while subsection (C) requires only the offer of underinsured motorist coverage. Thus, the legislature has required that each automobile policy contain uninsured motorist coverage, but has only required that the insurance company offer underinsured motorist coverage. The purchase of underinsured motorist coverage is left to the option of the insured. Nevertheless, when, as in this case, the insured exercises the right given him by the legislature and purchases the coverage the insurer is required to offer, we believe the same public policy considerations apply to underinsured motorist coverage as to uninsured motorist coverage. *See Employers Mut. Casualty Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988) (holding that the named driver exclusion was invalid when applied to either mandatory uninsured motorist coverage or the increased uninsured motorist coverage that the statute required the insurer to offer and that the insured had purchased).

The development of underinsured motorist coverage followed the development of uninsured motorist coverage and was based on experience with uninsured motorist coverage. As the court of appeals noted in *Spain*,

> The purpose of uninsured motorist coverage is to place the injured party in the same position as to the recovery of damages that he would have been in if the tortfeasor had possessed liability insurance.

*Spain*, 152 Ariz. at 188, 731 P.2d at 83, *vacated on other grounds*, 152 Ariz. 189, 731 P.2d 84 (1986). The same is true of underinsured coverage. By virtue of A.R.S. § 20–259.01(C), innocent members of the public who have purchased underinsured motorist coverage are entitled to coverage as if the offending driver was insured in the amount of the underinsured policy limit. Though A.R.S. § 20–259.01(F) treats them differently, underinsured motorist coverage is but one aspect of uninsured motorist coverage. It provides coverage for the amount of damage above the ad-

verse driver's liability limits. The same public policy that compelled us to hold in *Calvert* that an "other vehicle" exclusion was inapplicable to uninsured motorist coverage also applies to underinsured coverage. This public policy is based on statute, which gives the insured the right to purchase underinsured motorist coverage and which, therefore, does not permit the insurer to void the coverage by the "other vehicle" clause or other exceptions not permitted in the statute. A.R.S. § 20–259.01(C); *see Employers Mut. Casualty Co. v. McKeon,* 159 Ariz. 111, 765 P.2d 513 (1988); *Spain v. Valley Forge Ins. Co.,* 152 Ariz. 189, 731 P.2d 84 (1986).

What we are concerned with here is first party insurance.

It is, sometimes commented that basic economic loss benefits and other first party coverages such as uninsured and underinsured motorist coverages protect and follow the person, not the vehicle. The risk being insured by each policy issued to an insured party is principally the risk of injury to himself or covered members of his household. Ordinarily, an injured person looks to his own policies or those covering him as an insured for basic economic loss benefits and the benefits of other first party coverages whether or not the policies are associated with the particular vehicle involved in the accident.

*Hilden v. Iowa Nat'l Mut. Ins. Co.,* 365 N.W.2d 765, 768 (Minn.1985), *quoted with approval in Sobania v. Integrity Mut. Ins. Co.,* 371 N.W.2d 197, 201 (Minn.1985); *see also American Motorist Ins. Co. v. Sarvela,* 327 N.W.2d 77, 79 (Minn.1982) ("first party coverages for which an insured pays a premium follow the person, not the vehicle"); *Sobania v. Integrity Mut. Ins. Co.,* 349 N.W.2d 345, 347 (Minn. Ct.App.1984) (uninsured motorist coverage is a first party insurance scheme and covers the person, not the vehicle), *aff'd,* 371 N.W.2d 197 (Minn.1985).

We agree with the rationale of the Minnesota courts. The Fireman's Fund policy provided Higgins with first person coverage and covered the insured as well as the automobile.

Furthermore, our legislature created the Uninsured Motorist Act for the protection of persons, not for the protection of vehicles. A.R.S. § 20–259.01. *See Harvey v. Traveler's Indem. Co.,* 188 Conn. 245, 248, 449 A.2d 157, 159 (1982) (uninsured motorist coverage "attaches to the insured person, not the insured vehicle"); *Bradley v. Mid–Century Ins. Co.,* 409 Mich. 1, 31–32, 294 N.W.2d 141, 149 (1980) (persons insured under the policy were entitled to uninsured motorist coverage despite the "owned vehicle exclusion"); *Otto v. Farmers Ins. Co.,* 558 S.W.2d 713 (Mo.Ct.App. 1977) (stating that uninsured motorist coverage inures to an individual and that the underlying public policy of the statute was to give insureds protection, thus an automobile policy exclusion was void).

As we have noted:

There is nothing in our uninsured motorist statute which limits coverage depending on the location or status of the insured. Thus, our uninsured motorist protection is portable. The insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, when on a bicycle or when sitting on a porch.

*Calvert,* 144 Ariz. at 296, 697 P.2d at 689 (footnote omitted).

We hold that the "other vehicle" exclusion is void as to the underinsured provision of Fireman's policy.

## V. DISPOSITION

The judgment of the trial court is reversed. The reasoning of the court of appeals in the instant case is approved and the matter remanded to the trial court for further proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J. and MOELLER, J., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.