IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SALLY ANN BEAVER, a single woman, *Plaintiff/Appellee*,

*v.*

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin
corporation, *Defendant/Appellant.*

No. 1 CA-CV 13-0407
FILED 05-20-2014

Appeal from the Superior Court in Maricopa County
No.  CV2012-095983
The Honorable David M. Talamante, Judge
The Honorable James Padish, Judge, Retired

**REVERSED AND REMANDED**

COUNSEL

Rowley Chapman & Barney Ltd., Mesa
By Kevin J. Chapman
*Counsel for Plaintiff/Appellee*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By Greg S. Como, Spencer T. Proffitt
*Counsel for Defendant/Appellant*

**OPINION**

Acting Presiding Judge Patricia K. Norris delivered the opinion of the
Court, in which Judge Maurice Portley and Chief Judge Diane M. Johnsen
joined.

**N O R R I S,** Judge:

¶1        The principal question in this appeal is whether Arizona's Uninsured/Underinsured Motorist Act prohibits an insurer from denying underinsured motorist coverage to a family member who lives with the named insured and who otherwise would be entitled to such coverage but for her ownership of a motor vehicle.  When, as here, the policy does not include the family member as a person insured under the policy, the answer is no.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Sally Ann Beaver was injured by another driver's negligence while riding a motorcycle she owned.  The negligent driver's insurance company offered Beaver the policy limits under its insured's policy, but that amount was not sufficient to compensate Beaver for her injuries.  Because Beaver lived with her father at the time of the accident, she made a claim for underinsured motorist ("UIM") coverage under his American Family "Family Car Policy" ("the Policy").  The Policy did not cover Beaver's motorcycle.

¶3        The Policy identified Beaver's father as the named insured and, as relevant here, defined an "[i]nsured person" as "you," a reference to Beaver's father as the named insured, "or a relative."  The Policy also defined "[r]elative" as "a person living in your household, related to you by blood, marriage or adoption.  This includes a ward or foster child.  *It excludes any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle*" ("Relative Definition").  (Last emphasis added.)  These definitions applied to both the liability and UIM coverage provisions of the Policy.

¶4        American Family denied Beaver's UIM claim.  She then sued American Family seeking, as relevant here, a declaration she was an "[i]nsured person" and a "[r]elative" under the Policy and therefore entitled to UIM coverage.  Essentially characterizing the Relative Definition as an "other vehicle" exclusion, she also sought a declaration the Relative Definition was void under Arizona's Uninsured/ Underinsured Motorist Act ("UMA").  Ariz. Rev. Stat. ("A.R.S.") § 20-259.01 (Supp. 2013).  As discussed in more detail below, in the uninsured motorist ("UM") and UIM context, an "other vehicle" exclusion is one that excludes UM and UIM coverage for an insured who is injured in or by a vehicle owned by the named insured or another insured but which is not insured for liability coverage under the policy.  *Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, 315 n.5, ¶ 13, 9 P.3d 1049, 1054 n.5 (2000); *Higgins*

*v. Fireman's Fund Ins. Co.*, 160 Ariz. 20, 21, 770 P.2d 324, 325 (1989); *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 293, 697 P.2d 684, 686 (1985).

¶5        American Family moved to dismiss the complaint arguing that because Beaver owned the motorcycle, she was not her father's "relative" and, therefore, was not an "insured person" under the Policy.[1] The superior court rejected American Family's argument and agreed with Beaver that the Relative Definition was void because it violated Arizona public policy as reflected in the UMA:

> Though the policy's terms exclude [Beaver] as an insured, she is inarguably a relative residing in the insured's home who would otherwise be afforded underinsured coverage but for her ownership of a motor vehicle. . . . [T]he American Family policy exclusion is the functional equivalent of the "other vehicle" exclusions determined to be void for violating the public policy purpose for which the legislature enacted § 25-259.01.

The superior court entered a final judgment that, *inter alia*, declared Beaver a "relative" and "insured person" under the Policy and therefore entitled to UIM coverage.

## DISCUSSION

I.        The UMA

¶6        American Family argues the UMA does not bar it from denying UIM coverage to Beaver -- a resident family member of her father's household who otherwise would be entitled to such coverage but for her ownership of a motor vehicle.  Exercising de novo review, we agree.  *See Cundiff v. State Farm Mut. Auto. Ins. Co.*, 217 Ariz. 358, 360, ¶ 8, 174 P.3d 270, 272 (2008) (construction of A.R.S. § 20-259.01 presents issue of law subject to de novo review).

---

[1]At oral argument on the motion, Beaver's counsel informed the court that although Beaver had her own liability policy for her motorcycle, she did not have UIM coverage.

¶7        The UMA "establishes a public policy that every insured is entitled to recover damages he or she would have been able to recover if the uninsured" or underinsured[2] had maintained an adequate policy. *Calvert*, 144 Ariz. at 294, 697 P.2d at 687. UIM coverage allows "the consumer to protect himself and family members against the possibility that, in any given accident, there will be . . . insufficient liability coverage to compensate for the actual damages sustained." *Taylor*, 198 Ariz. at 316, ¶ 18, 9 P.3d at 1053. Accordingly, as relevant here, A.R.S. § 20-259.01(B) requires every insurer issuing a motor vehicle liability policy in Arizona to offer UIM coverage to the "named insured." If the named insured requests such insurance, the statute directs that UIM coverage be extended to "all persons insured under the policy." *Id.* A.R.S. § 20-259.01(B) reads as follows:

> Every insurer writing automobile liability or motor vehicle liability policies shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsured motorist coverage *which extends to and covers all persons insured under the policy*, in limits not less than the liability limits for bodily injury or death contained within the policy. . . . At the request of the insured, *the insured may purchase and the insurer shall then include within the policy underinsured motorist coverage that extends to and covers all persons insured under the policy* . . . .

(Emphases added.)

¶8        Section 20-259.01(B) does not, however, define who is a "person[] insured under the policy." And, as we have recognized, "[p]ublic policy does not restrict the parties' right to agree on who is an insured." *Am. States Ins. Co. v. C & G Contracting, Inc.*, 186 Ariz. 421, 426, 924 P.2d 111, 116 (App. 1996) (citing *Alcala v. Mid-Century Ins. Co.*, 171

_____

[2]The policy considerations that apply to UM coverage also apply to UIM coverage. *See Taylor*, 198 Ariz. at 313 n.3, ¶ 5, 9 P.3d at 1052 n.3 (citations omitted); *Brown v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 323, 327 n.6, 788 P.2d 56, 60 n.6 (1989) (citation omitted).

Ariz. 121, 123, 828 P.2d 1262, 1264 (App. 1992)). Thus, on its face, the statute does not bar the Relative Definition. *See Cundiff*, 217 Ariz. at 360, ¶ 8, 174 P.3d at 272 (when statutory language is clear and unambiguous, we will not "look beyond the language, but rather simply apply it without using other means of construction" (citation omitted) (internal quotation marks omitted)).

**¶9**        Beaver argues, however, that the Relative Definition is what the superior court characterized as the "functional equivalent" of an "other vehicle" exclusion and, as our supreme court has held, violates the UMA and is void as against public policy. *See Higgins*, 160 Ariz. at 23, 770 P.2d at 327; *Calvert*, 144 Ariz. at 294, 297, 697 P.2d at 687, 690. Although we must construe the UMA liberally, *Taylor*, 198 Ariz. at 314, ¶ 11, 9 P.3d at 1053 (citations omitted), and any exception to UIM coverage not permitted by the UMA is void, *Am. Family Mut. Ins. Co. v. Sharp*, 229 Ariz. 487, 488, ¶ 1, 277 P.3d 192, 193 (2012), we disagree with Beaver that the Relative Definition is the functional equivalent of an "other vehicle" exclusion.

**¶10**        As stated, *supra* ¶ 4, an "other vehicle" exclusion excludes UM/UIM coverage for an insured who is injured in or by a motor vehicle owned by the named insured or another insured but which is not insured for liability coverage under the policy. *See* 3 Alan I. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 33.5 (3d ed. 2005). Such an exclusion is void because the UMA gives the named insured the right to purchase UIM coverage for all persons insured under the policy and therefore bars the insurer from excluding those persons from that coverage. *See Higgins*, 160 Ariz. at 23, 770 P.2d at 327.

**¶11**        An "other vehicle" exclusion, thus, is prohibited when it strips UIM coverage from someone who, in the language of the statute, is a "person[] insured under the policy." But, nothing in *Higgins* or *Calvert* requires an insurer to include within the definition of a "person[] insured under the policy" a family member who lives with the named insured and owns a motor vehicle. As our supreme court has recognized, UIM coverage must be "portable" for a person insured under the policy such that the insured person is covered in all manner of situations, *Calvert*, 144 Ariz. at 296, 697 P.2d at 689, but the UMA only affords that protection to persons who are insured under the policy in the first instance. The UMA requires that UIM coverage be offered "to the named insured thereunder," and if the named insured purchases that coverage, it must be extended to "all persons insured under the policy." A.R.S. § 20-259.01(B). This

language allows the parties to restrict the family members that can be included in the class of "all persons insured under the policy."

¶12        Here, the Relative Definition defines in the first instance those included within the class of "persons insured under the policy" and omits family members, such as Beaver, who both live with the named insured and own their own motor vehicle.  In contrast to the policies in *Higgins* and *Calvert*, the Policy did not afford coverage to Beaver for some purposes and not for others.  Instead, Beaver was a stranger to the policy, not a "person insured," for any purpose.

¶13        Other courts have upheld definitions identical or similar to the Relative Definition even though, as is the case in Arizona, they have interpreted their state UM/UIM statute as barring the "other vehicle" exclusion.  For example, in *Famuliner v. Farmers Insurance Co.*, 619 S.W.2d 894, 897 (Mo. App. 1981), the court held that a son who lived with his parents -- the named insureds -- was not entitled to UM coverage under his parents' policies because he was not included within the policies' definitions of relative, which omitted any resident relative who owned an automobile.  In so holding, the court explained that the Missouri UM statute

> contains no requirement that automobile insurance policies provide uninsured motorist protection to any particular class or group of persons whether they be residents of the same household or family members.  The statute does require, however, that all policies of liability insurance must also include uninsured motorist coverage to "persons insured thereunder."  There is no violation of the statute unless a policy condition limits uninsured motorist protection as to persons who otherwise qualify as insureds for liability purposes.  [The son] was not an insured under his parents' policies and the policy conditions of which he complains do not offend the mandate of [the statute].

*Id.* at 897.[3]

**¶14**      The court in *Farmers Insurance Co. of Washington v. Miller*, 549 P.2d 9 (Wash. 1976), reached the same conclusion.  It held that the Washington UM statute, which it had applied in *Touchette v. Northwestern Mutual Insurance Co.*, 494 P.2d 479 (Wash. 1979), to invalidate an "other vehicle" exclusion, did not prohibit an insurer from omitting a resident relative who owned an automobile from the definition of an insured. *Miller*, 549 P.2d at 12.  The court reasoned that "the question [presented] revolves around the initial extension of coverage to defendants.  The definition of who is and who is not an 'insured' under the policy is consistently applied throughout the insurance contract.  For these reasons, Touchette is distinguishable and the public policies expressed therein are not violated."  *Id.*

**¶15**      For the foregoing reasons, we reject Beaver's argument the Relative Definition was void under the UMA as the "functional equivalent" of an impermissible "other vehicle" exclusion.[4]

---

[3]In *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777, 780 (Mo. 1984), the Missouri Supreme Court recognized that, under *Famuliner*, when an individual "lacked status as an insured, named or otherwise, under the primary coverage of the policy, there was no uninsured motorist coverage for that individual."

[4]Beaver also argues the Relative Definition violates the UMA because it is a "backdoor household exclusion."   Although there are "various permutations" of the household exclusion, Steven Plitt, Arizona Liability Insurance Law § 6.16, at 235 (Supp. 2006), it commonly excludes liability coverage for bodily injury sustained by a family member who is injured by the negligence of another family member driving an insured vehicle. *Taylor*, 198 Ariz. at 317, ¶ 19, 9 P.3d at 1056.  Such an exclusion is invalid up to the minimum limits of liability coverage required by Arizona's Vehicle Insurance and Financial Responsibility Act, A.R.S. § 28-4009(A)(2) (2013), but generally valid in excess of those limits.  *Averett v. Farmers Ins. Co. of Ariz.*, 177 Ariz. 531, 534, 869 P.2d 505, 508 (1994); *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 218, 550 P.2d 87, 89 (1976).  As Beaver's counsel acknowledged at oral argument, the household exclusion cases "have nothing to do with this case."  We agree; Beaver's father did not cause the accident.  Further, although Beaver argues the Policy precluded recovery of the statutory minimum by an

II.     Reasonable Expectations

¶16        Beaver also argues she is nevertheless entitled to UIM coverage under the doctrine of reasonable expectations.  Under that doctrine, a court "will not enforce even unambiguous boilerplate terms in standardized insurance contracts in a limited variety of situations." *Gordinier v. Aetna Cas. & Sur. Co.*, 154 Ariz. 266, 272, 742 P.2d 277, 283 (1987) (emphasis omitted).  The superior court did not consider this argument.  Because the superior court may consider it on remand, we address American Family's argument that, as a matter of law, Beaver is not entitled to raise the reasonable expectations doctrine because her reasonable expectations are irrelevant.

¶17        First, Beaver has not argued *her* reasonable expectations of coverage under the Policy are relevant to application of the doctrine.  Instead, she has argued *her father* could not have reasonably anticipated the Relative Definition, which she contends was inconspicuously placed in a separate section of the Policy, would bar his daughter, a resident of his home, from UIM coverage.  Second, Beaver is not precluded from attempting to prove her father's reasonable expectations in buying the Policy.  *See Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, 517-18, ¶ 24, 168 P.3d 917, 925-26 (App. 2007) (plaintiff's complaint sufficient if facts alleged permit inference that named insured had reasonable expectation plaintiff would have portable UIM coverage under policy purchased by named insured), *aff'd in part, vacated in part on other grounds sub nom. Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 189 P.3d 344 (2008); *Duran v. Hartford Ins. Co.*, 157 Ariz. 125, 129, 755 P.2d 430, 434 (App. 1988) (disregarding reasonable expectations argument asserted by plaintiff who made no showing of named insured's reasonable expectations).

III.    Attorneys' Fees and Costs on Appeal

¶18        Because American Family and Beaver have each partially prevailed on appeal, we deny Beaver's request for attorneys' fees under A.R.S. § 12-341.01 (Supp. 2013).  We award American Family its costs on appeal contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.  *See Henry v. Cook*, 189 Ariz. 42, 44, 938 P.2d 91, 93 (App. 1996) (appellant who obtained partial success entitled to recover all taxable costs).

---

insured family member, the Policy contained an endorsement that complied with the Vehicle Insurance and Financial Responsibility Act.

## CONCLUSION

¶**19**       For the foregoing reasons, we reverse the judgment of the superior court and remand for further proceedings consistent with this opinion.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh