Jesse and Patricia MORRIS, Mutual Service Casualty Insurance Company, Respondents,

v.

Joseph G. WEISS, Defendant and Third Party Plaintiff, Respondent,

Safeway Sling Company, Inc., Defendant,

v.

AETNA LIFE AND CASUALTY INSURANCE COMPANY, Third Party Defendant, Appellant,

Pine Top Insurance Company, and Valley Suburban Agency, Inc., Third Party Defendants, Respondents.

VALLEY SUBURBAN AGENCY, INC., Fourth Party Plaintiff, Respondent,

v.

AETNA LIFE AND CASUALTY INSURANCE COMPANY, Fourth Party Defendant, Appellant,

Pine Top Insurance Company, Fourth Party Defendant, Respondent,

John Skare, Fourth Party Defendant.

No. C8-87-1064.

Court of Appeals of Minnesota.

Oct. 27, 1987.

D. Patrick McCullough, McCullough, Dy-
rud & Smith, St. Paul, for Morris.

Eric J. Magnuson, Joan S. Morrow, Rider, Bennett, Egan & Arundel, Minneapolis, for Mut. Service Cas. Ins. Co.

Samuel Wertheimer, St. Paul, for Weiss.

John B. Gordon, Linda S. Svitak, Faegre & Benson, Minneapolis, for Aetna Life and Cas. Ins. Co.

Ronald M. Michaelson, Minneapolis, for Pine Top Ins. Co.

Kenneth Schivone, St. Paul, for Valley Suburban Agency, Inc.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a grant of summary judgment to respondents Mutual Service Casualty Insurance Company and Jesse and Patricia Morris following the trial court's determination that appellant Aetna Life and Casualty Insurance Company owed respondent Joseph G. Weiss coverage under an insurance policy issued to Weiss' employer, Safeway Sling Company, Inc. We reverse.

## FACTS

This action began when Morris sued Weiss for personal injuries he sustained when the two were involved in an automobile accident. Weiss sought coverage from Aetna under a policy issued to his employer, Safeway Sling. Aetna denied coverage. Morris then recovered uninsured motorist benefits from his own insurance company, respondent Mutual Service Casualty Insurance Company (MSI). MSI and Morris joined Safeway Sling as defendants with Weiss. Aetna agreed to defend Safeway Sling. The policy that Aetna issued to Safeway Sling is the subject of this dispute.

At the time of the accident, Safeway Sling owned a Business Auto Policy issued by Aetna. Part IV, Section D of that policy states:

## D. WHO IS INSURED.

1. **You** [Safeway Sling] are an **insured** for any covered **auto.**

2. Anyone else is an **insured** while using with **your** [Safeway Sling] permission a covered **auto you** [Safeway Sling] own, hire or borrow except:

    a. The owner [Weiss] of a covered **auto you** [Safeway Sling] hire or borrow from one of **your** employees [Weiss] or a member of his or her household.

Weiss owns all the vehicles used by Safeway Sling. The parties agree that Weiss is not an "insured" under this provision. The same section states that "[y]ou [Safeway Sling] are an **insured** for any covered **auto.**" The designation of which autos are "covered autos" is designated with a symbol "1." The symbols are clearly explained elsewhere in the policy. Symbol "1" means "ANY AUTO." Weiss' car falls within this description. The policy also provides coverage for nonowned and borrowed vehicles.

## ISSUE

Did the trial court err in concluding that the policy Aetna issued to Safeway Sling was ambiguous, resulting in coverage for Weiss?

## ANALYSIS

■ Whether the language of an insurance policy is ambiguous is a question of law to be decided initially by the trial court. On appeal, the reviewing court must determine whether the trial court was correct in finding ambiguity. *Columbia Heights Motors, Inc. v. Allstate Insurance Co.*, 275 N.W.2d 32, 34 (Minn.1979). Conclusions of law made by a trial court do not bind a reviewing court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

■ Minnesota cases identify two types of ambiguity in insurance contracts. Ambiguity may result from terms in a policy which are susceptible to more than one meaning. *Columbia Heights Motors*, 275 N.W.2d at 34. Ambiguity may also result from an irreconcilable conflict between terms or provisions within the policy. *Rus-*

*thoven v. Commercial Standard Insurance Co.*, 387 N.W.2d 642, 644 (Minn.1986).

■ The determination of ambiguity will most often decide the issue of coverage under an insurance policy because that determination leads to the application of one of two rules of construction. When the language of an insurance policy is ambiguous, it must be construed in favor of finding coverage. *Nordby v. Atlantic Mutual Insurance Co.*, 329 N.W.2d 820, 822 (Minn. 1983). Where there is no ambiguity, there is no room for construction. Insurance contracts must be construed according to the terms used by the parties, giving the language its ordinary and usual meaning so as to effectuate the intent of the parties as it appears from the contract. *Dairyland Insurance Co. v. Implement Dealers Insurance Co.*, 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972).

In an attempt to avoid the mechanical and sometimes unrealistic function of these two competing rules of construction, the Minnesota Supreme Court adopted the reasonable expectations doctrine in *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn. 1985). That case involved a dispute over an unambiguous definition of burglary in a burglary insurance policy. The policy covered losses from burglary only where the evidence showed visible marks of forcible entry. A burglary occurred, but the burglar left no visible marks of forcible entry. For this reason, the insurer denied coverage.

The supreme court found that "the definition [of burglary] is surprisingly restrictive, [and] that no one purchasing something called burglary insurance would expect coverage to exclude skilled burglaries that leave no visible marks of forcible entry or exit." *Id.* at 276. The court commented that in certain cases "such as where major exclusions are hidden in the definitions section, the insured should be held only to reasonable knowledge of the literal terms and conditions." *Id.* at 278. The court noted that the two principles used to justify a departure from unambiguous terms are "the reasonable expecta-

tions of the insured and the unconscionability of the clause itself or as applied to the facts of a specific case." *Id.* at 276.

The *Atwater* court held that "where the technical definition of burglary in a burglary insurance policy is, in effect, an exclusion from coverage, it will not be interpreted so as to defeat the reasonable expectations of the purchaser of the policy." *Id.* at 278–79. Contrary to the mechanical approach based on ambiguity, the reasonable expectations doctrine does not automatically mandate either pro-insurer or pro-insured results. Ambiguity becomes a factor in determining the reasonable expectations of the insured, not a trigger for providing or denying coverage. *Id.* at 278. However, the four justices who specially concurred in *Atwater* wrote that ambiguity was necessary to trigger the doctrine.

The supreme court further discussed *Atwater* in *Rusthoven v. Commercial Standard Ins. Co.*, 387 N.W.2d 642 (Minn.1986). In *Rusthoven*, an insurance policy contained one endorsement limiting the liability of the insurance company to $25,000 without regard to number of covered vehicles. Another endorsement stated that the limit of liability was the sum of the limits applicable to each covered vehicle. Because the two endorsements were irreconcilably inconsistent, the court found that the policy was ambiguous. Because the policy was ambiguous, the court strictly interpreted the policy against the insurer. The court held that the insured was entitled to the sum of the limits applicable to each covered auto. The court cautioned that "[t]he result of such a construction, however, must not be beyond the reasonable expectations of the insured." *Id.* at 645. Thus, in *Rusthoven* the court required a finding of ambiguity before it considered the expectations of the insured. Three justices dissented, questioning whether the majority had abandoned *Atwater*. *Rusthoven*, 387 N.W.2d at 646.

■ We believe that respondents' assertion in this case that Weiss is covered fails under *Rusthoven* because the policy is not ambiguous. Respondents claim that the provisions conflict because the policy ex-

cludes Weiss, but covers Weiss' car. Respondents fail to account for the fact that the question of *who* is an insured is entirely different from the question of *what* is covered. The fact that Weiss' car is covered has no effect on who is an insured. Similarly, the fact that Weiss is not an insured has no effect on which cars are covered.

■ Respondents call attention to a separate premium charged for "Nonownership Liability." The policy defined "nonowned autos" to include "autos owned by your employees or members of their households but only while used in your business or your personal affairs." Respondents claim that the definition of nonowned autos, which clearly includes Weiss' car, conflicts with the exclusion of Weiss as an insured. MSI claims that the Nonownership Liability specifically *included* employees (such as Weiss) as insureds. However, nothing in the policy states that Nonownership Liability covers anyone other than the "insured," Safeway Sling.

■ Respondents also argue, and the trial court agreed, that the exclusion of Weiss renders the policy meaningless. They point out that since Weiss owned all the cars that Safeway Sling used, and since Safeway Sling could only act through its employees, it was pointless to insure Safeway Sling alone. They claim that although the intent of the purchasers was to insure both Safeway Sling *and* Weiss, the policy literally only protects Safeway Sling.

We believe that the policy is not meaningless because it protects Safeway Sling from vicarious liability. Such protection is valuable. The fact that an unambiguous policy does not meet the intent of the purchaser is no reason for altering the policy to effectuate that intent, except in certain cases as contemplated in *Atwater.*

■ We further believe that respondents' assertion that Weiss is covered fails under the more liberal approach announced in *Atwater.* The policy contains no "major exclusions hidden in the definitions section." *See Atwater* at 278–79; *Merseth by Merseth v. State Farm Fire & Casualty Insurance Co.,* 390 N.W.2d 16, 18 (Minn.

Ct. App.1986), *pet for rev. denied* (Minn. Aug. 13, 1986); *Gunderson v. Classified Insurance Corp.,* 397 N.W.2d 922, 925 (Minn.Ct.App.1986).

Aetna wrote the policy in plain, easy to understand language. A simple reading of the first few pages of the policy discloses that Weiss is not insured. Both parties agree that the definition section means what it says. The provisions defining which vehicles are insured are also clear and uncomplicated. There is no clever exclusion in the policy as there was in the *Atwater* policy. Safeway Sling is an "insured," and Weiss is not an "insured." That the policy possibly fails to meet the intent of Weiss does not result from an ambiguity or a clever and obscure exclusion in the policy.

■ The provision excluding Weiss is not unconscionable on its face, nor as applied to the facts of the case. In *Atwater,* one reading the definition section would not have known that the policy excluded skilled burglaries from coverage. This provision was unconscionable because the insured bought the policy to cover such burglaries, and would have noticed the exclusion but for the clever language. Here, the language is plain; Weiss could have known he was excluded if he had read the policy. Unconscionability in *Atwater* rested on misdirection by unambiguous language in the policy. There is no such misdirection here. This policy insures the party it describes as the "insured." This policy covers the vehicles it describes as "covered autos." It may be unfortunate that the policy excludes Weiss, if Weiss intended to be covered, but it is not unconscionable.

**DECISION**

The policy is not ambiguous, nor does it contain terms which trigger the reasonable expectations doctrine. Aetna owes no coverage to Weiss. The decision of the trial court is reversed.