933 P.2d 1200

**Lori A. OGDEN, a single person; Cherrie Perry, as Guardian/ Conservator for Tasha Ann Zeller, a minor; Peggy Klatt and William Zeller, Plaintiffs–Appellants,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a foreign corporation; Joseph Lichman and Jane Doe Lichman, husband and wife; J & M Steel Erecting, Inc.; Jay Soyko and Mary B. Soyko, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 95–0278.

Court of Appeals of Arizona, Division 1, Department D.

July 9, 1996.

Review Denied March 25, 1997.

**134**

John G. Contreras, Phoenix, for Appellant Ogden.

Law Office of A. Thomas Cole by A. Thomas Cole, Casa Grande, for Appellants Perry, Klatt, and Zeller.

Murphy, Lutey, Schmitt & Beck by Michael R. Murphy and Dan A. Wilson, Prescott, for Appellants Ogden, Perry, Klatt, and Zeller.

Raymond, Greer & Sassaman, P.C. by Michael J. Raymond, Phoenix, for Appellee United States Fidelity & Guaranty Co.

Joseph C. Dolan, P.C. by Joseph C. Dolan, Phoenix, for Appellees Lichman.

Cohen and Cotton, P.C. by John H. Cotton, Phoenix, for Appellees J.M. Steel Erecting, Inc. and Soykos.

GARBARINO, Judge.

This is an appeal from a grant of summary judgment. The trial court determined that an employer's liability policy does not provide coverage for an employee's vehicle not driven in the course of employment even though the vehicle was listed on the schedule of insured vehicles attached to the policy.

We agree and affirm.

### FACTS AND PROCEDURAL HISTORY

J.M. Steel Erecting, Inc. (J.M.) owned a fleet of vehicles that included a 1979 Chevrolet truck. In late 1989, J.M. sold the truck to an employee, Joseph Lichman (Lichman), who took possession and used it for personal transportation, including driving to and from work. He did not use it on the job.

Despite Lichman's purchase, possession and use of the truck, title was not immediately transferred to him. Roger Morgan, J.M. Vice President, told Lichman that J.M. would continue to insure the truck until Lichman could get his own insurance.

In February 1990, appellee United States Fidelity and Guaranty Company (USF&G) issued a master insurance policy to J.M. that included business auto coverage with a liability limit of $1,000,000. J.M. was the named insured, and the policy was effective from February 25, 1990 to February 25, 1991. The vehicle schedule in the business auto coverage portion of the policy listed the truck as a "covered auto."

The policy specifically excluded coverage to the insured referred to as "you" and "your" in the policy, as follows:

> Your employee if the covered "auto" is owned by that employee or a member of his or her household.

In March 1990, Lichman personally paid the annual registration fee for the truck. However, he registered it in the name of J.M. and signed the insurance verification, certifying that the vehicle was in compliance with financial responsibility laws.

On or about September 7, 1990, Jay Soyko (Soyko), for J.M., signed over the title to the truck to Lichman. However, Lichman did not register the truck in his name or apply for a new title.

While driving the truck on November 3, 1990, Lichman turned in front of a motorcycle driven by Dean Zeller. Dean Zeller was killed, and his passenger, appellant Lori Ogden (Ogden), was seriously injured. Lichman was not acting in the course and scope of his employment with J.M. at the time of the accident.

On January 29, 1992, Ogden filed a tort action against Lichman, J.M., and the Soykos in Maricopa County alleging that Lichman negligently caused the accident and that J.M. and Soyko negligently entrusted the truck to Lichman. The survivors of Dean Zeller, appellants Cherrie Perry, as guardian for his daughter Tasha Ann Zeller (Perry), and his parents, Peggy Klatt (Klatt) and William Zel-

ler (Zeller), intervened as additional plaintiffs in the tort action.

In February 1992, Perry, Klatt and Zeller filed a declaratory judgment action against USF&G, Lichman, J.M., and the Soykos in Pinal County seeking to establish that the USF&G policy issued to J.M. provided liability coverage for the truck and for Lichman, J.M., and the Soykos. Ogden intervened in the declaratory judgment action. USF&G acknowledged by letter that its policy provided coverage to J.M. and the Soykos, and it advised that it was defending those parties unconditionally.

Appellants moved for summary judgment, contending that USF&G's unconditional defense and admission of coverage for J.M. and the Soykos mandated a determination that the policy covered their claims against J.M. and the Soykos. They also asserted that coverage for Lichman was required by the provisions and purposes of Arizona's Financial Responsibility Act. USF&G responded and filed a cross-motion for summary judgment. In its motion, USF&G conceded coverage to J.M. and the Soykos to the extent coverage was granted by the policy. USF&G took the position that the policy provided no coverage for Lichman, and that the Soykos were insured for the negligent entrustment claim only if there was a determination that Lichman was also covered.

The declaratory judgment action was transferred to Maricopa County and consolidated with the tort action. The court denied both the pending motion for summary judgment and the cross-motion.

Lichman entered into a *Damron*[1] agreement with appellants in which he agreed to stipulate to a judgment in the tort action against him in favor of appellants with a total award of $2.9 million. In the agreement, Lichman assigned his rights under the USF&G policy to appellants in exchange for their covenant to execute only against USF&G.

In June 1994, the case was reassigned to another judge, and USF&G reurged its motion for summary judgment in the declaratory judgment action. USF&G argued that Lichman was not covered, but that it would provide coverage to the extent J.M. might be liable to appellants for negligent entrustment. Appellants filed a cross-motion for summary judgment conceding, for purposes of the motion, that J.M. had sold the truck to Lichman. In addition to their previous arguments, they asserted that Soyko and Lichman had reasonable expectations of coverage under the USF&G policy.

The trial court denied USF&G's motion and granted appellants' motion. USF&G moved for reconsideration, which the court granted allowing responsive and reply memoranda from the parties.

The trial court reversed its earlier ruling, granting summary judgment in favor of USF&G. The court found that Arizona Revised Statutes Annotated (A.R.S.) section 28–1101 *et seq.* was inapplicable because Lichman was not an insured under USF&G's policy once he became the owner of the truck. Judgment was entered in the declaratory judgment action denying appellants' motion for summary judgment, granting USFG's cross-motion, dismissing the declaratory judgment complaint with prejudice, and determining that the policy did not provide liability coverage for Lichman. Appellants filed a timely notice of appeal from the judgment.

## DISCUSSION

I. *Declaratory Judgment Action as to J.M. and the Soykos*

Appellants argue that the trial court should not have dismissed the declaratory judgment action as to J.M. and the Soykos because USF&G had admitted that its policy covered J.M. and the Soykos for the tort claim against them and had undertaken their defense unconditionally. They seek a declaration of coverage of J.M. and the Soykos based on USF&G's admission that the policy covered them.

USF&G takes the position that once it provided an unconditional defense for the negligent entrustment claim against J.M. and the Soykos, no justiciable controversy exist-

---

1. *Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969).

ed. In addition, USF&G argues that appellants are without standing to assert that USFG must cover J.M. and the Soykos for a promise they allegedly made to Lichman to procure insurance for his vehicle.

■ An insurer with a potential coverage defense loses its right to later litigate coverage if it defends its insured without a properly communicated reservation of rights. *United Services Auto. Ass'n v. Morris,* 154 Ariz. 113, 116, 741 P.2d 246, 249 (1987). By unconditionally defending its insured, the insurer waives the right to deny coverage. *Id.; Anderson v. Martinez,* 158 Ariz. 358, 362, 762 P.2d 645, 649 (App.1988).

■ USF&G admitted coverage for the negligent entrustment claim against J.M. and the Soykos and represented that it would unconditionally defend them against that claim. USF&G waived its right to deny coverage of J.M. and the Soykos for the negligent entrustment claim and can no longer oppose appellants' assertion that USF&G provided coverage for the claim. "For a court to grant declaratory judgment, the party seeking relief must assert 'a legal relationship, status or right' in which the party has a definite interest and 'the denial of it by the other party.'" *Original Apartment Movers, Inc. v. Waddell,* 179 Ariz. 419, 420, 880 P.2d 639, 640 (App.1993) (quoting *Morris v. Fleming,* 128 Ariz. 271, 273, 625 P.2d 334, 336 (App.1980)). "That assertion provides the necessary 'justiciable controversy' on which to base the declaratory judgment." *Waddell,* 179 Ariz. at 420, 880 P.2d at 640.

Once USF&G withdrew its denial of coverage, there was no longer a justiciable controversy between the insurer and the insured upon which to base a declaratory judgment. Clearly, having represented to the court that it covered J.M. and the Soykos for the negligent entrustment claim, USF&G waived any denial of coverage for the claim and is estopped from changing its position. Therefore, a declaratory judgment on this point was unnecessary, and the trial court did not err in dismissing the complaint as to this assertion.

■ Appellants now seek to recover the expenses they incurred in forcing USF&G's

concessions. At the time appellants filed their complaint, a justiciable controversy existed. After some dispute, USF&G conceded the coverage and defense. Even though appellants did not receive a formal judgment settling the controversy, we believe they can be treated as the successful parties for the purpose of requesting attorneys' fees and costs for this portion of their declaratory judgment action. *See* A.R.S. § 12–341.01(A) ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."); *Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 392, 710 P.2d 1025, 1047 (1985) ("A.R.S. § 12–341.01 makes no reference to adjudication on the merits as a prerequisite to recovering attorney's fees as a successful party."). Therefore, when the remainder of this action resumes in the trial court, appellants may request an award of fees and costs, if they wish to do so.

■ We decline to rule on USF&G's claim that the policy does not provide coverage for the liability of J.M. and the Soykos arising from their failure to procure insurance for Lichman. Because appellants made no such claim, there is no justiciable controversy. This Court will not render declaratory judgments that are advisory in nature. *Thomas v. City of Phoenix,* 171 Ariz. 69, 74, 828 P.2d 1210, 1215 (App.1991).

## II. Does the Policy Cover Lichman's Liability to Appellants?

Appellants advance three arguments to support their position that USF&G's policy covers Lichman's liability. They first argue that the purposes and policies underlying Arizona's Financial Responsibility Act, A.R.S section 28–1101 *et seq.,* require coverage. Second, appellants argue that the policy terms which exclude Lichman as an "insured" violate A.R.S. section 28–1170(B)(2), that the policy's coverage for "ANY AUTO" means that the policy covered the truck regardless of its ownership status, and that the purported exclusion of Lichman as an insured is unenforceable under the reasonable expectations doctrine. Appellants last argue that A.R.S. section 28–1170(F)(1) precludes

USF&G from denying coverage for Lichman once the accident occurred.

### A. Policy Language

■ We address the second argument first. Because there is no dispute that the truck was a scheduled, covered auto under the policy, and because the policy afforded liability coverage for "ANY AUTO" rather than for owned or otherwise described vehicles, appellants contend the policy covered the truck regardless of ownership. They argue that the policy provisions violate A.R.S. section 28–1170(B)(2) by restricting coverage for permissive users whether by restricting the coverage to only autos owned by J.M. or by excluding from coverage covered autos that are owned by J.M.'s employees. Arizona Revised Statutes Annotated section 28–1170(B)(2) [2] extends coverage to any permissive user of the vehicle insured.

In examining the policy language, we note that on its face the coverage section of the policy excludes Lichman from coverage. The parties agree that the truck was sold to Lichman prior to the accident.[3] There are several reasons why Lichman, although the owner of the truck, was not an insured under the policy. He would be an insured if he had used, with J.M.'s permission, a covered auto J.M. owned, hired, or borrowed. Here, even though the truck was listed as a covered auto, J.M. did not own, hire, or borrow it. Lichman owned the covered vehicle and not J.M. The policy definitions specifically exclude coverage for vehicles "covered" but owned by the employee. As appellants note, the exceptions that preclude coverage for Lichman seem to conflict with item two on the Schedule of Coverages and Covered Autos, which shows that the $1,000,000 policy limit for liability for covered autos applies to "ANY AUTO."

We believe the "ANY AUTO" liability limit designation means that if a vehicle not owned by J.M. is being used in the course and scope of its business, the policy would provide coverage. If the liability coverage had been for "OWNED AUTOS ONLY," a vehicle not owned by J.M. but used in J.M.'s business would not have been covered. The "ANY AUTO" designation does not conflict with the exclusion that applies to Lichman. See Morris v. Weiss, 414 N.W.2d 485, 489 (Minn.App. 1987) (question of who is an insured is entirely different from question of what is covered; policy that excluded employee from coverage even though he owned all vehicles used by employer not meaningless because it protected employer from vicarious liability).

### B. Applicability of A.R.S. Section 28–1170(B)(2)

■ The next issue is whether A.R.S. section 28–1170(B)(2), known as the "omnibus clause," applies to this situation.[4] Because the introductory sentence in 28–1170(B) refers to the *owner's* policy of liability insurance, we conclude that "owner" must refer to the owner of the motor vehicle. J.M. was not the owner of the truck; therefore, we question whether the clause even applies to Lichman's truck. In any event, section 28–1170(B)(2) requires liability coverage for permissive users of those vehicles "designate[d] by explicit description or by appropriate reference" as covered vehicles. Even

---

**2.** Section 28–1170(B) provides in relevant part:

**B.** The owner's policy of liability insurance must comply with the following requirements:
  1. It shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted. . . .
  2. It shall insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles. . . .

**3.** This stipulation of ownership is consistent with Arizona case law that holds that ownership of a vehicle does not depend on prior compliance with statutory transfer of title provisions. *See, e.g., Wallace v. Employers Casualty Co.*, 418 F.2d 1323, 1325 (9th Cir.1969); *Price v. Universal C.I.T. Credit Corp.*, 102 Ariz. 227, 232, 427 P.2d 919, 924 (1967).

**4.** The omnibus coverage provision of A.R.S. section 28–1170(B)(2) is read by law into every motor vehicle liability policy in Arizona. *Jenkins v. Mayflower Ins. Exchange*, 93 Ariz. 287, 291, 380 P.2d 145, 148 (1963); *Principal Casualty Ins. v. Progressive Casualty Ins.*, 172 Ariz. 545, 547, 838 P.2d 1306, 1308 (App.1992).

though the truck is designated as a covered vehicle, Lichman was using the truck as his personal vehicle and not for or on behalf of J.M. or with the express or implied permission of J.M.

J.M. did not exercise control over the truck or have authority to give Lichman or anyone else permission to use the truck. The truck belonged to Lichman. The court in *Wallace v. Employers Casualty Company,* 418 F.2d 1323, 1328 (9th Cir.1969), explained this concept as follows:

> [U]nder the applicable Arizona law, ownership for all purposes passed upon sale . . . and subsequent delivery of the Chevrolet to [the buyer's agent]. From that moment on, [the seller] was not the owner of the car; it had no interest therein; it had no dominion whatsoever over it, nor any control over who was driving it, or where. It was not being driven with either the express or implied authority of [the seller], because with the transfer of ownership all authority over the vehicle and its operation ceased and [the seller] had no further rights in, to or over the subsequent use and operation thereof.

Arizona Revised Statutes Annotated section 28–1170(B)(2) does not extend insurance coverage to Lichman's truck.

Appellants argue that the underlying policy of the statute is to bar insurers from using policy exclusions to avoid liability to innocent accident victims.

Arizona courts have invalidated exclusions from omnibus coverage that would violate A.R.S. section 28–1170(B)(2). *See Principal Casualty,* 172 Ariz. at 547, 838 P.2d at 1308 (and cases cited therein). In *Principal Casualty,* the court invalidated a policy provision that excluded liability coverage for unlicensed drivers because the exclusion would leave the public unprotected. *Id.* at 549, 838 P.2d at 1310.

In *State Farm Mutual Automobile Insurance v. Transport Indemnity,* 109 Ariz. 56, 58–59, 505 P.2d 227, 229–30 (1973), the court concluded that a provision excluding bodily injury claims of permissive users by excluding claims for bodily injury to those designated as insureds and including permissive users within the definition of "insureds" was contrary to the public policy of this state and therefore invalid.

The court in *National Union Fire Insurance Company v. Truck Insurance Exchange,* 107 Ariz. 291, 294, 486 P.2d 773, 776 (1971), struck down a provision that excluded the coverage of a lessee of a rental vehicle for injuries sustained by a passenger as violative of A.R.S. section 28–1170(B) and contrary to the public policy of this state.

In *Rocky Mountain Fire & Casualty Company v. Allstate Insurance Company,* 107 Ariz. 227, 230, 485 P.2d 552, 555 (1971), the court struck down a provision excluding from liability coverage individuals using a garage's loaner vehicles when other insurance was available to the drivers. The court concluded that this exclusion from omnibus coverage constituted a clear violation of the public policy underlying the Arizona Financial Responsibility Act. *Id.*

These cases are distinguishable from this case. Appellants cite cases involving exclusions affecting permissive users, the people the omnibus coverage provision was meant to protect. Lichman was the owner of the truck, not a permissive user of the truck. The USF&G policy excluded coverage for scheduled vehicles owned by one other than the insured. Lichman cannot be a permissive user of his own vehicle. Neither the language of the omnibus clause nor the public policy embraced within it are violated by the relevant exclusions in the USF&G policy.

### C. *Reasonable Expectations*

■ Appellants next argue that the policy provisions that exclude Lichman as an insured are invalid under the reasonable expectations doctrine. "It is well-established [in Arizona] that a contracting party's reasonable expectations may affect the enforceability of non-negotiated terms in a standardized agreement." *Averett v. Farmers Ins.,* 177 Ariz. 531, 532, 869 P.2d 505, 506 (1994).

The doctrine of reasonable expectations cannot be applied to the facts of this case. Although Lichman expected J.M. to provide insurance for the truck, Lichman's expectations have little effect upon the enforceability

of a contract of insurance issued by USF&G. Lichman was not a party to the insurance contract.

In addition, we find that the exclusionary provision in the policy is obvious in the document and can be understood by a reasonably intelligent consumer. Although Soyko apparently did not request an explanation of the provision describing insureds, there is no indication in the record that he gave USF&G or its agent any reason to believe that an explanation was necessary. We do not believe it unusual or unexpected that a business policy would not cover an employee's personal use of his own vehicle on his own time.

### D. Applicability of A.R.S. Section 28–1170(F)(1)

 Appellants argue that A.R.S. section 28–1170(F)(1) precludes USF&G from denying coverage for Lichman once the accident occurred. This statute provides:

F. Every motor vehicle liability policy is subject to the following provisions which need not be contained in the policy:

1. The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute when injury or damage covered by the motor vehicle liability policy occurs....

A.R.S. § 28–1170(F) (Supp.1995). Every vehicle liability policy is subject to A.R.S. section 28–1170(F)(1). *See Sandoval v. Chenoweth,* 102 Ariz. 241, 244, 428 P.2d 98, 101 (1967).

Section 28–1170(F)(1) "broadly mandates that an insurer's obligation to provide coverage 'shall become absolute' whenever injury occurs." *Midland Risk Management Co. v. Watford,* 179 Ariz. 168, 171, 876 P.2d 1203, 1206 (App.1994). It is typically used to mandate coverage after an injury or damage occurs that is covered by the policy, but in circumstances where the policy was obtained by fraudulent representations. *See Farmers Ins. Exchange v. Rose,* 411 F.2d 270, 273 (9th Cir.1969); *Allstate Ins. v. Dorr,* 411 F.2d 198, 201 (9th Cir.1969).

We conclude that section 28–1170(F)(1) does not apply where coverage never existed. In the cases cited by appellants, although

coverage was provided, the fraudulent activities of the insureds or their failure to cooperate with the insurer after the accident resulted in an attempt by the insurers to cancel coverage. Lichman was never an insured, and section 28–1170(F)(1) does not apply.

We affirm.

PATTERSON, P.J., and KLEINSCHMIDT, J., concur.