IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

OCT 18 2007

COURT OF APPEALS
DIVISION TWO



MICHAEL CULLEN, a single man; and )
JANA CORONADO, a single woman, )
    )   2 CA-CV 2007-0020
    )   DEPARTMENT A
    Plaintiffs/Appellants, )
    )   O P I N I O N
    v. )
    )
KOTY-LEAVITT INSURANCE )
AGENCY, INC., an Arizona corporation; )
and AUTO OWNERS INSURANCE )
COMPANY, a foreign corporation, )
    )
    Defendants/Appellees. )
    )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20061255

Honorable Deborah Bernini, Judge

AFFIRMED

Haralson, Miller, Pitt, Feldman, & McAnally, P.L.C.
  By Thomas G. Cotter                        Tucson
                    Attorneys for Plaintiffs/Appellants

Harper Christian Dichter Graif P.C.
  By Kevin C. Barrett and Jay R. Graif           Phoenix
                    Attorneys for Defendants/Appellees

B R A M M E R, Judge.

¶1 Appellants Michael Cullen and Jana Coronado appeal from the trial court's grant of appellee Auto Owners Insurance Company's (Auto Owners) motion to dismiss Cullen's and Coronado's action for breach of contract and bad faith denial of Cullen's insurance claim, made pursuant to Rule 12(b)(6), Ariz. R. Civ. P. Finding no error, we affirm.

## Factual and Procedural Background

¶2 "In reviewing the trial court's decision to dismiss for failure to state a claim, we assume as true the facts alleged in the complaint." *Doe ex rel. Doe v. State*, 200 Ariz. 174, ¶ 2, 24 P.3d 1269, 1270 (2001). In February 2004, Cullen was injured while riding as a passenger in a vehicle owned by a third party. He filed a claim for benefits under the underinsured motorist (UIM) provision of an insurance policy issued by Auto Owners that covered a different vehicle "used exclusively by . . . Jana Coronado and her family," including her son, Cullen. The named insured on that policy was Sierrita Mining and Ranch Company (Sierrita), which apparently owned the vehicle. Cullen and Coronado describe Sierrita as an entity that provided the insured vehicle to Coronado and her family for their exclusive use. The insurance policy named no insureds in addition to Sierrita and did not refer in any way to either Coronado or Cullen.

¶3 After Auto-Owners denied Cullen's claim, he and Coronado sued Auto Owners, alleging it had breached the insurance contract and had acted in bad faith by denying benefits to Cullen. The complaint also alleged that Koty-Leavitt Insurance Agency, Inc.,

2

which had sold the policy to Sierrita, had "failed to use reasonable care in structuring the [UIM] polic[y]."

¶4 Auto Owners moved to dismiss the claims against it pursuant to Rule 12(b)(6), Ariz. R. Civ. P., arguing that Coronado was not a proper plaintiff because she "ha[d neither] suffered any injuries related to an automobile accident" nor "made a claim under the Policy" and, as to Cullen, that "under the express terms of the policy, UIM benefits do not extend to Cullen," and he "had no reasonable expectation of coverage." The trial court determined that, because Coronado had never made a claim under the policy, she could not meet the prerequisites for a bad faith claim against Auto Owners. Thus, the court granted the motion to dismiss Coronado's claims "[b]ecause no amendment to the complaint can cure this deficiency." As to Cullen, the court determined the facts in his complaint "do not lend themselves to a finding of coverage." It also stated the policy did not cover Cullen because he "was not traveling in an automobile that was covered under the . . . policy when he was injured and the . . . policy did not offer 'portable' UIM coverage." Therefore, the court concluded, Cullen "ha[d] not stated a claim upon which relief can be granted."

¶5 Pursuant to the parties' stipulation,[1] the court "stay[ed] the proceedings of this case against Koty-Leavitt Insurance Agency, Inc. pending the outcome of [Cullen's and Coronado's] appeal of the dismissal of [their] claims against Auto Owners." The court,

---

[1]The parties agreed that Coronado and Cullen would "voluntarily dismiss any and all claims against Koty-Leavitt" if Auto Owners prevails in this appeal.

3

determining "there [was] no just reason for delay," then entered a judgment in favor of Auto Owners and awarded it attorney fees. This appeal followed.

**Discussion**

Coronado

¶6        Although her name appears in the notice of appeal and in the briefs she and Cullen filed in this court, Coronado does not argue the trial court erred in granting Auto Owners's motion to dismiss her claims. The court dismissed her claims on a different basis than it did Cullen's, determining she could not state a claim for relief because, inter alia, she had not filed a claim for benefits with Auto Owners. Accordingly, she has abandoned this issue on appeal, and we affirm the court's dismissal of her claims against Auto Owners. *See Torrez v. Knowlton*, 205 Ariz. 550, n.1, 73 P.3d 1285, 1287 n.1 (App. 2003); Ariz. R. Civ. App. P. 13(a)(6) (appellant's brief shall contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on").

Standard of Review

¶7        Cullen's briefs assert facts that appear neither in his complaint nor in the insurance contract. The trial court expressly declined to treat Auto Owners's motion to dismiss, made pursuant to Rule 12(b)(6), Ariz. R. Civ. P., as a motion for summary judgment and considered in ruling on the motion only "the contents of the pleadings, assuming the truth of all allegations contained in the Complaint, and incorporating the insurance contract

4

referenced in the Complaint and Answer."[2]  As a threshold question, we must determine whether the court erred by addressing Auto Owners's motion as a motion to dismiss rather than a motion for summary judgment.[3]  *See* Ariz. R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

¶8        A contract central to the plaintiff's claim, however, is not a "matter[] outside the pleadings" for the purposes of Rule 12(b)(6).  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are

---

[2]In his opposition to Auto Owners's motion to dismiss, Cullen stated several facts not found in his complaint.  In its response, Auto Owners stated it would, "for the purposes of this Motion only, consider these additional facts as being alleged in the Complaint."  Nothing in the trial court's ruling, however, suggests that it considered those additional facts in reaching its decision.

[3]Cullen has arguably waived this issue on appeal.  He did not request that the trial court convert Auto Owners's motion to dismiss to a motion for summary judgment, and, indeed, at the hearing on the motion argued the motion should be treated as a motion to dismiss. *See Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 346, 947 P.2d 917, 920 (App. 1997).  He did, however, submit affidavits and a statement of facts supported by deposition testimony to the trial court.  On appeal, he did not specifically argue this issue until oral argument before this court, although he did make the related argument in his brief that "[t]he questions of Cullen's reasonable expectations and UIM coverage under these circumstances are questions of fact for the jury and cannot be decided on a motion to dismiss." *See James v. State*, 215 Ariz. 182, ¶ 34, 158 P.3d 905, 914 (App. 2007) (matters not raised in an appellant's opening brief are waived on appeal).  In any event, any potential waiver here is not jurisdictional, and, in our discretion, we address the issue on its merits. *See Miller v. Hehlen*, 209 Ariz. 462, n.5, 104 P.3d 193, 198 n.5 (App. 2005).

central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (when considering motion to dismiss, court may consider contract integral to complaint "even if it is not formally incorporated by reference," and court need not rely on plaintiff's description of contract terms and "may look to the agreement itself"); *Stahl v. U. S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."); *cf. Long v. City of Glendale*, 208 Ariz. 319, ¶¶ 31-32, 93 P.3d 519, 528-29 (App. 2004) (in context of motion to dismiss, trial court may consider whether contract language "reasonably susceptible of the meaning asserted" by party seeking to use parole evidence to vary written terms of the contract). Although the federal cases cited above are not controlling authority, because Arizona's Rule 12 is similar to Rule 12 of the federal rules, we may "give great weight to the federal interpretations of" that rule. *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971).

¶9 Cullen asserted at oral argument in this court that the above rule is a "minority" rule and we should not adopt it. Our research does not support his assertion. Moreover, the cases Cullen cited at oral argument are inapposite. He first relied on *Colonial Tri-City Ltd. Partnership v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 880 P.2d 648 (App. 1993). There, Division One of this court determined the trial court had erred by treating defendant's motion as a motion to dismiss instead of one for summary judgment because the trial court had

considered a contract attached to the motion in reaching its decision. *Id.* at 431, 880 P.2d at 651. The contract in question, however, was not the lease contract that allegedly had been breached, but was an assignment contract in which the defendant had assigned its rights and duties under the original lease contract to a third party. *Id.* at 430, 880 P.2d at 650. Thus, the assignment contract was not central to the plaintiff's claim, but instead to the defendant's proposed defense. Cullen also relied on *Zielke v. Wausau Memorial Hospital*, 529 F. Supp. 571 (W.D. Wisc. 1982). There, the federal trial court declined to consider a contract the defendant had attached to its motion to dismiss. *Id.* at 578. The contract, however, was not a contract between the plaintiff and alleged tortfeasor but between the tortfeasor and his insurance company, *id.*, and thus, again, was not central to the plaintiff's claim.

¶10 Moreover, although Cullen submitted additional affidavits and a statement of facts, it was within the trial court's discretion under Rule 12(b)(6) to disregard those materials and instead consider the sufficiency of his complaint, in light of the contract at issue; the court explicitly stated that it had done so. *See Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992) (motion to dismiss "is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with" trial court, and, if trial court "chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6)[, Fed. R. Civ. P.] standard, no conversion occurs"); *Ware v. Assoc. Milk Prod., Inc.*, 614 F.2d 413, 414 (5th Cir. 1980) ("Although Rule 12(b)[, Fed. R. Civ. P.,] provides that a 12(b)(6) motion shall be treated as

7

one for summary judgment when matters outside the record are presented to the court and not excluded, in the instant case the express wording of the Order of Dismissal affirmatively indicates that the district court did not consider the extra-pleading matters."); *Kulwiki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) ("Where a district court explicitly confines its ruling to the complaint, however, our review is as under a motion to dismiss, even where additional materials were admitted into the record."); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (2007) ("[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); *see also Edwards*, 107 Ariz. at 284, 486 P.2d at 182. Thus, the court did not err in treating Auto Owners's motion as a motion to dismiss instead of a motion for summary judgment and considering the insurance policy submitted by Auto Owners as part of that motion, nor by excluding the additional materials Cullen submitted.

¶11 Addressing the standard of review for a motion to dismiss, Cullen contends that we "can only affirm the trial court's ruling if there are no *possible* facts that would allow a reasonable expectations claim," regardless of whether he alleged those facts in his complaint. (Emphasis added.) That is not a correct statement of the law. Cullen cites *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 142 P.3d 708 (App. 2006), for his proposed standard of review. There, Division One of this court stated: "We will sustain a dismissal only if the

8

plaintiffs 'could not be entitled to relief under any facts susceptible of proof under the claims stated.'" *Id.* ¶ 8, *quoting Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984).

¶12 Although many Arizona cases use the above or similar language when determining whether a complaint's assertions will survive a motion to dismiss,[4] the supreme court's recent cases do not support Cullen's position. In *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996), our supreme court stated it would "uphold dismissal [for failure to state a claim] only if the plaintiffs would not be entitled to relief under any facts susceptible of proof *in the statement of the claim*." (Emphasis added); *see also Dressler v. Morrison*, 212 Ariz. 279, ¶ 11, 130 P.3d 978, 980 (2006) (quoting *Mohave Disposal*). Similarly, in *Doe ex rel. Doe v. State*, 200 Ariz. 174, ¶ 2, 24 P.3d 1269, 1270 (2001), the supreme court stated: "In reviewing the trial court's decision to dismiss for failure to state a claim, we assume as true the facts alleged in the complaint and affirm the dismissal only if, as a matter of law, the plaintiff would not be entitled to relief on any interpretation *of those facts*." (Emphasis added). These recent standards articulated by our supreme court do not permit a trial or appellate court to speculate about hypothetical facts

---

[4]*See, e.g., State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983); *Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027 (1956); *Rowland v. Kellogg Brown & Root, Inc.*, 210 Ariz. 530, ¶ 15, 115 P.3d 124, 128 (App. 2005); *Universal Mktg. & Entm't, Inc. v. Bank One of Ariz., N.A.*, 203 Ariz. 266, ¶ 2, 53 P.3d 191, 192-93 (App. 2002); *Carrillo v. State*, 169 Ariz. 126, 129, 817 P.2d 493, 496 (App. 1991).

9

that might entitle the plaintiff to relief. Nor do we find any Arizona opinion in which a court engaged in such speculation.

¶13    In *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007), the United States Supreme Court addressed a similar question under Rule 12, Fed. R. Civ. P.,[5] and observed that the federal courts have long used language similar to that in *Phelps Dodge Corp.* to define the scope of appellate review of a motion to dismiss. The bulk of those cases have relied on *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957).[6] There, the Court stated: "In appraising the sufficiency of a complaint, we follow . . . the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Id.* at 45-46, 78 S. Ct. at 102 (emphasis added).

¶14    To the extent the "no set of facts" language might be interpreted to permit or require a trial court to speculate about unpled facts when ruling on a motion to dismiss, however, the United States Supreme Court resolved the issue by clarifying *Conley* in *Twombly*. There, the Court stated: "This 'no set of facts' language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Twombly*, ___ U.S. at ___, 127

---

[5]As noted previously, interpretations of Rule 12 by federal courts are persuasive. *See Edwards*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971).

[6]*See, e.g., Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987); *Patton v. Przybylski*, 822 F.2d 697, 702 (7th Cir. 1987).

S. Ct. at 1968. It reasoned that, "[o]n such a focused and literal reading of *Conley's* 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* (second alteration in *Twombly*).

¶15        The Court rejected that reading, stating: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at ___, 127 S. Ct. at 1969. "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* "While a complaint attacked by a Rule 12(b)(6)[, Fed. R. Civ. P.] motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at ___, 127 S. Ct. at 1964-65 (citations omitted) (second alteration in *Twombly*). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at ___, 127 S. Ct. at 1965.

¶16        Moreover, Cullen's interpretation of the standard of review for a trial court's grant of a motion to dismiss under Rule 12(b)(6) is at odds with the purpose of Rule 8(a), Ariz. R. Civ. P. Although Rule 8 requires only "[a] short and plain statement of the claim showing that the pleader is entitled to relief," that statement must "give the opponent fair

notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027-28 (1956). But, when a complaint fails to recite at least the basic facts supporting a claim for relief, we cannot see how a defendant would have fair notice of the nature and basis of the claim. *See Twombly*, ___ U.S. at ___, 127 S. Ct. at 1965, n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

¶17        Accordingly, we disregard the numerous extraneous factual allegations in Cullen's briefs. And, as we must, we consider only the facts pled in his complaint together with the terms of the insurance contract to determine if Cullen has stated a claim upon which relief can be granted. *See Doe*, 200 Ariz. 174, ¶ 2, 24 P.3d at 1270.

UIM Policy Terms

¶18        It is clear that the UIM provision of the policy Auto Owners issued to Sierrita does not provide Cullen with UIM coverage. *See Liberty Ins. Underwriters, Inc. v. Weitz Co.*, 215 Ariz. 80, ¶ 7, 158 P.3d 209, 212 (App. 2007) ("An insurance policy is a contract between the insurer and its insured."). The interpretation of an insurance contract presents a question of law, which we review de novo. *Id.* Cullen admits Sierrita is the named insured on the policy that covers the vehicle Sierrita had provided to his family for their exclusive use. The insurance policy defines "you or your" as the "first named insured . . . and if an individual, your spouse who resides in the same household." It defines relative as "a person

who resides with you and is related to you by blood, marriage or adoption" and includes "a ward or foster child who resides with you." The policy's UIM provision states that Auto Owners "will pay compensatory damages [to] any person . . . entitled to recover from the owner or operator of an underinsured automobile for bodily injury sustained by such person while occupying or getting into or out of an automobile" covered by the policy. When "the first named insured . . . is an individual," the UIM provision provides extended coverage "when you are a pedestrian," or "while [you] are occupying an automobile you do not own," and extends that additional coverage to relatives.

¶19        Cullen stated in his complaint that he was injured while riding in a vehicle owned by a third party. He does not assert that vehicle was covered by an Auto Owners policy. Thus, for Cullen to be covered by the UIM provision of the Auto Owners policy, the policy's named insured must be an individual and Cullen must be a relative residing in that individual's household. Whatever Sierrita is, it is not an "individual." Accordingly, under the plain language of the policy, the policy's UIM coverage extended to the named insured and his or her relatives does not apply—the UIM coverage would have only been available to Cullen if he had been injured "while occupying or getting into or out of" a covered automobile. The trial court did not err in determining the policy did not cover Cullen's claim for benefits.

13

Reasonable Expectation of UIM Coverage

**¶20** Cullen argues that, despite the language of the policy, he had a "reasonable expectation of UIM coverage because the policy at issue provided primary coverage for his family's personal, private use car." He asserts that we may "reform" the policy's language to meet that expectation and "specify that Sierrita's individual drivers are additional named insureds," or, in the alternative, that we should "remand[] for a trial on the merits o[f] [his] reasonable expectations claim."[7] Auto Owners responds that the reasonable expectations doctrine does not apply to Cullen because he "is not the insured" under the policy.

**¶21** Both the parties misapprehend the application of the reasonable expectations doctrine by focusing only on Cullen's expectations. The doctrine necessarily applies to the reasonable expectations of the contracting parties, not to the reasonable expectations of a hopeful insured, such as Cullen, who is a stranger to the insurance contract. *See Averett v. Farmers Ins. Co. of Ariz.*, 177 Ariz. 531, 532, 869 P.2d 505, 506 (1994) ("It is well

---

[7]In his reply brief, Cullen asserts Auto Owners failed to respond to his argument that "the trial court erred by wrongly deciding a disputed factual issue (whether the policy violated the reasonable expectations of Michael Cullen . . . ) in the context of a Rule 12(b)(6)motion to dismiss for failure to state a claim." Thus, he argues, Auto Owners has admitted error on this issue. *See In re Wickman*, 138 Ariz. 337, 340, 674 P.2d 891, 894 (App. 1983) ("If a debatable issue is raised on appeal, appellee's silence constitutes a confession of reversible error."). Auto Owners, however, did address Cullen's argument, albeit briefly, contending that, based on the facts Cullen asserted in his complaint and in his briefs, "[n]o reasonable insured could form" a reasonable expectation that he or she was personally insured by Sierrita's policy issued by Auto Owners. In any event, although we may treat a failure to respond to an argument as a confession of error, we are not required to do so. *See In re Marriage of Diezsi*, 201 Ariz. 524, ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

established that a *contracting party's* reasonable expectations may affect the enforceability of non-negotiated terms in a standardized agreement.") (emphasis added).

¶22        In *Ogden v. United States Fidelity & Guarantee Co.,* 188 Ariz. 132, 134-35, 933 P.2d 1200, 1202-03 (App. 1996), an employee had been involved in a motor vehicle accident while driving a truck he had purchased from his employer that was ostensibly covered by the employer's insurance policy. The insurance policy, however, excluded vehicles owned by employees. *Id.* at 134, 933 P.2d at 1202. The injured parties argued the exclusion was invalid under the reasonable expectations doctrine. *Id.* at 138, 933 P.2d at 1206. Although the employer had promised "to provide insurance for the [vehicle]," Division One of this court determined the employee's "expectations have little effect on the enforceability of a contract of insurance" to which the employee was not a party. *Id.* at 138-39, 933 P.2d at 1206-07. Instead, Division One considered the reasonable expectations of the employer that had purchased the policy. *Id.* at 139, 933 P.2d at 1207.

¶23        Similarly, in *Do by Minker v. Farmers Insurance Co. of Arizona*, 171 Ariz. 113, 116-17, 828 P.2d 1254, 1257-58 (App. 1991), we examined the reasonable expectations of the father who had purchased the insurance policy, not the expectations of his children who were injured in an accident, yet excluded by the policy. In *Alcala v. Mid-Century Insurance Co.*, 171 Ariz. 121, 122, 828 P.2d 1262, 1263 (App. 1992), the plaintiff had been injured while riding as a passenger on a motorcycle. The driver of the motorcycle did not own it, and the owner did not have an insurance policy covering it. *Id.* The plaintiff sought

15

coverage under the UIM provision of the driver's automobile policy, which would only provide coverage if the plaintiff had been injured while riding in the driver's insured car. *Id.* We determined the reasonable expectations doctrine did not apply to an injured party who "had nothing to do with the purchase of the policy in question [and] never had an insurable interest or expectancy under the policy." *Id.* at 124, 828 P.2d at 1265.

¶24        Cullen falls within the same category as the plaintiff in *Alcala*.  That status alone, however, does not mean that Cullen could not have asserted a claim based on the reasonable expectations doctrine or that his complaint is necessarily insufficient.  *See Guerrero v. Copper Queen Hosp.*, 112 Ariz. 104, 106, 537 P.2d 1329, 1331 (1975) ("In testing a complaint for a failure to state a claim, the question is whether enough is stated which would entitle the plaintiff to relief upon some theory to be developed at trial."); *Maldonado v. S. Pac. Transp. Co.*, 129 Ariz. 165, 166-67, 629 P.2d 1001, 1002-03 (App. 1981) ("The test to be applied in resolving whether the complaint established that appellant is entitled to relief *under any theory of law* is whether the complaint, taken in the light most favorable to appellant, is sufficient to constitute a valid claim.") (emphasis added); *cf. Mullenaux v. Graham County*, 207 Ariz. 1, ¶ 18, 82 P.3d 362, 367 (App. 2004) ("[O]ur courts have long held that 'failure to make reference to a statute [in a complaint] is not fatal to a claim.'"), *quoting Toney v. Bouthillier*, 129 Ariz. 402, 408, 631 P.2d 557, 563 (1981). Thus, Cullen's complaint is sufficient if the facts he alleged permit the inference Sierrita had

16

a reasonable expectation Cullen would have portable UIM coverage under the policy it purchased from Auto Owners.[8]

¶25          Under the reasonable expectations doctrine, a court will not enforce standardized insurance policy language in certain, limited, situations:

> 1. Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured;
>
> 2. Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage;
>
> 3. Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured;
>
> 4. Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied by the policy.

---

[8]To the extent Cullen suggests our supreme court's decision in *Gordinier v. Aetna Casualty & Surety Co.*, 154 Ariz. 266, 742 P.2d 277 (1987), means we should examine the reasonable expectations of the hopeful insured instead of the contracting parties', we disagree. There, the court addressed whether an insurance policy provision denying coverage to the named insured's spouse violated the reasonable expectations doctrine. *Id.* at 271, 742 P.2d at 282. The court focused on the reasonable expectations of both spouses, *id.* at 273-74, 154 P.2d at 284-85, who, under Arizona law, are both parties to the contract even if entered into by only one spouse. *See* A.R.S. § 25-215(D) ("[E]ither spouse may contract debts and otherwise act for the benefit of the [marital] community.").

*Gordinier v. Aetna Cas. & Sur. Co.*, 154 Ariz. 266, 272-73, 742 P.2d 277, 283-84 (1987) (citations omitted).

¶26        In his briefs to this court, Cullen describes several factual scenarios that arguably could prove one of the above situations applies to his claim. His complaint, however, contains none of them. Although Cullen's complaint conclusorily asserts he had a reasonable expectation of coverage, as we have explained, his expectations are not relevant here. Moreover, conclusions of law in a complaint, standing alone, are insufficient to withstand a motion to dismiss. *See Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App. 1989) ("When testing a motion to dismiss for failure to state a claim, well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not.").

¶27        Regarding the second *Gordinier* circumstance, Cullen's complaint does not allege any facts permitting the inference that Sierrita did not have full and adequate notice of the policy's terms, or that Sierrita had any expectation that those who would drive the vehicles, as well as their families, would have portable UIM coverage. As to the third and fourth *Gordinier* situations, Cullen does not allege any action by Auto Owners that could reasonably be construed to have created or induced a belief in Sierrita that Cullen would have UIM coverage under the policy when he was not operating an insured automobile. He alleges that Auto Owners was aware private individuals used the vehicles insured by Sierrita, but that fact simply does not permit the inference that Auto Owners induced in Sierrita any

18

belief that the policy would have covered Cullen at the time of his accident. Nor is such an inference permitted by his allegation that Auto Owners charged a separate premium for UIM coverage. The policy provided UIM coverage to anyone in a covered vehicle, and thus a separate premium for that coverage is expected and appropriate. He does not, for example, allege either that Auto Owners assured Sierrita those individuals or members of their families would have portable UIM coverage, or that Sierrita had requested such coverage. Therefore, Cullen's complaint fails as to all but the first *Gordinier* situation.

¶28 Because it depends on the contract's language, only the first *Gordinier* scenario may be analyzed without reference to facts external to the contract terms. As to that situation, Cullen asserts the term "relative" contained in the contract is "ambiguous as to [him] because he was a Sierrita family member and great-grandson to its 'owner.'"[9] Cullen misinterprets *Gordinier*; that situation might apply where a policy gives a commonly understood term a narrower definition than its usual definition, or where the policy terms are unclear. For example, in *Gordinier*, our supreme court determined a policy that would exclude from coverage a spouse who did not reside with the named insured defeated the reasonable expectations of the insured. 154 Ariz. at 273-74, 742 P.2d at 284-85. But it makes no sense to expand this rule to a situation in which a contracting party has a subjective belief that the term, as applied to a specific situation, has a broader definition than would be

---

[9]Cullen did not allege these facts in his complaint. The trial court, however, addressed this argument in its ruling.

19

commonly understood by the average insured. We find no Arizona opinion that has done so, and we decline to break this ground.

¶29    The policy at issue defines "relative" as "a person who resides with you and is related to you by blood, marriage or adoption." Again, the "you" here is Sierrita—not a person—an entity incapable of having a living relative, either by blood or marriage. Although the commonly understood definition of a "relative" is not restricted to a "person who resides with you," we cannot agree that any common definition of the term would include Cullen's relationship with Sierrita.[10] *See Am. States Ins. Co. v. C & G Contracting, Inc.*, 186 Ariz. 421, 425, 924 P.2d 111, 115 (App. 1996) ("[A]s a matter of common law and common sense, a reasonably intelligent consumer knows that he is neither related to a corporation by blood, marriage or adoption nor a resident of its household."). Moreover, even were we to agree that the term "relative" could encompass Cullen's relationship with Sierrita, the policy only covers relatives if the named insured is an individual. As we stated above, Sierrita is not an individual, and no reasonably intelligent consumer could believe that it was.

---

[10]Cullen asserts we must construe any ambiguity against Auto Owners. The term "relative," however, is not ambiguous in any way relevant to this case. And, in any event, we do not construe ambiguous terms in his favor. *See Am. States. Ins. Co. v. C & G Contracting, Inc.*, 186 Ariz. 421, 424, 924 P.2d 111, 114 (App. 1996) ("The Arizona Supreme Court has rejected the rule that a court must always construe an ambiguous provision against the insurer, and has made clear that '[w]e prefer to adopt a rule of common sense and have attempted to do so on numerous occasions.'"), *quoting State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 257, 782 P.2d 727, 733 (1989).

¶30     Thus, because Cullen's complaint was insufficient as to the last three *Gordinier* situations, and because his claim under the first fails "as a matter of common law and common sense," *C & G Contracting*, 186 Ariz. at 425, 924 P.2d at 115, we conclude the trial court did not err in granting Auto Owners's motion to dismiss.[11]

Attorney Fees

¶31     Auto Owners requests we award it reasonable attorney fees and costs it incurred in this appeal. It first requests attorney fees pursuant to A.R.S. § 12-341.01(A), which states a "court may award the successful party reasonable attorney fees" "[i]n any contested action arising out of a contract." Auto Owners also asserts there was a "complete absence of Arizona law to support [Cullen's and Coronado's] claimed theories of relief," and, without citing any authority, argues that fact "provides additional support for [its] claim for attorneys' fees and costs on appeal." In our discretion, we decline to award fees pursuant to § 12-341.01(A). To the extent Auto Owners requests attorney fees pursuant to § 12-341.01(C), we deny its request. Auto Owners has not demonstrated, by clear and convincing evidence, that Cullen's appeal "constitutes harassment, is groundless and is not made in good faith." § 12-341.01(C).

---

[11]When ruling on a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., a trial court should give the non-moving party "an opportunity to amend its complaint if such an amendment will cure its defects." *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 589, 637 P.2d 1088, 1092 (App. 1981). Cullen, however, never requested leave to amend his complaint and does not raise this issue on appeal. Accordingly, we do not address it. *See Torrez v. Knowlton*, 205 Ariz. 550, n.1, 73 P.3d 1285, 1287 n.1 (App. 2003).

## Disposition

¶32　　　　We affirm the trial court's judgment in favor of Auto Owners and against Cullen and Coronado.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
JOHN PELANDER, Chief Judge